## LUCAS v. THE GOVERNOR, FOR THE USE OF HARPER.

1. In declaring in an action of debt upon a sheriff's bond, the breach being assigned, that the sheriff made a false return of *nulla bona*, to an execution, at the suit of the plaintiff, it is not necessary to aver that the judgment upon which that execution issued is unsatisfied.
2. A recovery in an action against the sheriff for a false return, is no evidence to fix the liability of his sureties, when they are sued upon his official bond.

WRIT of error to the Circuit Court of Montgomery.

Action of debt, in the name of the present Governor, for the use of Harper, on a sheriff's bond executed by one Bell, and others, as his sureties.

The declaration avers a breach of the condition of the bond, by reason of Bell's false return of *nulla bona* to a writ of *fi. fa.* at the suit of Harper against one Hill.

The declaration does not aver that judgment against Hill was in full force, or that Harper had not received satisfaction of the debt; nor does it contain any equivalent averments, unless the one of damage, as the consequence of the false return, is entitled to that consideration. A demurrer to the declaration was overruled.

At the trial, the plaintiff, to maintain his action, gave in evidence the record of a judgment in his favor against Bell, in an

action against him, suggesting a default in not making the money on the same execution as that described in the declaration. The defendant objected to this evidence, and excepted to its introduction.

The defendant offered to prove that Hill, the defendant in the execution described in the declaration, was, during the whole time it was in the sheriff's hands, utterly and entirely insolvent; that he was so before its issuance, and continued to be so until its return; and that he had no property whatever out of which it could be satisfied. This evidence was excluded from the jury, on the ground that it was an attempt to contradict the record of the judgment against Bell. The only evidence before the jury was the record of the judgment against Hill, described in the declaration, the record of the judgment against Bell, and the sheriff's bond; and upon this, the court ruled that the plaintiff was entitled to recover, unless the judgment against Bell, as sheriff, was impeached for fraud or collusion. The defendant excepted to the several rulings of the court, and now assigns the same as error.

Hopkins, for the plaintiff in error, made the following points:

1. The declaration contains no cause of action, inasmuch as it is not shown that the debt was unsatisfied by Hill.

2. That the suit against Bell, as sheriff, was not conclusive evidence of his liability so as to affect the sureties on his bond. [5 Binney, 187; 2 Rand. 313, 319.]

Harris, contra, argued:

1. That the judgment against the sheriff, in the suit for the false return, is *prima facie* evidence in a suit against his sureties, and conclusive, if not impeached for fraud or collusion. [2 Bailey, 362; 3 Ohio, 487; 3 Atkins, .248; 5 Binney, 184; 1 Gilmer, 235; 2 Leigh, 393; 1 Wash. 31; 18 John. 391; 4 Binney, 352; 6 John, 159; 2 Rand. 313, 319.]

2. The rejection of evidence of the insolvency of the defendant in execution, was proper, as it had no influence to show fraud or collusion. [5 Pick. 380.]

3. The declaration is substantially good, as it contains every averment of fact that the plaintiff was called on to prove to make out his case. It is not necessary to exclude all idea of defence by the allegations of the declaration.

GOLDTHWAITE, J.—1. It is urged against the declaration in this case, that it contains no averment that the money due on the execution, with respect to which the false return is alleged, has not been paid by him against whom it was issued. This omission is, as we think, unimportant, for the declaration, without it, alleges every matter which it was essential for the plaintiff to prove; in other words, it shows the contract with the Governor in conformity with the requisitions of law, and a breach of that contract by reason of the alleged false return. It is true, the precedents, in the analogous action upon the case against a sheriff for a false return, set out an averment similar to the one of which the omission is now complained, but it seems to be only an adherence to the unnecessary verbiage which is yet to be found in practice. The general rule of pleading is, that it is not incumbent on the plaintiff to aver more than he is called on by the law to prove. [Hool v. Bell, 1 Ld. Raym. 174; 1 Chitty, 218.] And every one is familiar with that which allows all superfluous allegations to be rejected as surplusage. If, in point of fact, the execution had been satisfied or otherwise vacated, the proof must come from the defendant. For these reasons, we consider there was no error in refusing to sustain the demurrer.

2. The other questions ruled at the trial may be considered together, as they resolve themselves into an inquiry whether the judgment obtained against the sheriff individually, for the same default has any, and, if any, what effect in an action against his sureties.

In the case of McClure v. Colclough, [5 Ala. Rep. 67,] the question before us was, whether the sureties to a sheriff's bond, against whom a summary judgment, upon motion, had been obtained, under the statute, could, in equity, controvert the conclusiveness of that judgment; and we held they could not, inasmuch as the several statutes appear to indicate a legislative intention that the litigation, in that class of suits, should be confined to the plaintiff in execution and the sheriff. We also said there, that the only matters which the surety can litigate, in such cases, is the *factum* of the bond and its legal sufficiency. It will be seen that our opinion is there confined exclusively to the case of a summary judgment under the statute; but my own view is, that the legislative intention being to confine the litigation with respect to the breach of duty to the sheriff and the plaintiff, in that class of

cases, harmony of decision calls for the application of the same rule to all other cases where the sureties are sought to be charged. A majority of the court, however, think differently, and held the opinion, that when the plaintiff rejects the statutory mode of relief and pursues his common law remedy, he must be governed by the rules of the common law. The general rule is, that a judgment is no evidence against a stranger to it; but a large class of American cases seem to recognize and establish a modification of it so as to allow the judgment against the principal to be *prima facie* evidence against his sureties, when the latter are sued upon an official bond. [Carmack v. Commonwealth, 5 Binney, 184; Mumford v. Overseers, 2 Rand. 313; Jacobs v. Hill, 2 Leigh, 393; State of Ohio v. Colerick, 4 Ohio, 487. See, also, cases as to the effect of a settlement by an administrator or guardian, upon his sureties, collected in 3 Cowen & Hill's notes, 866.]

We have looked into these decisions, and so far as they held the judgment against the sheriff to be *prima facie* evidence against the sureties, it is impossible to perceive on what principle they rest. Doubtless, there are cases where the acts or admissions of the sheriff have the effect to bind his sureties; but it will probably be ascertained, whenever these are necessary to be examined, that the acts and admissions are a part of, or immediately connected with his official duty. The case of a judgment against him is certainly not of this description; and we can conceive of no reason why it should have any effect against his sureties, unless they are concluded by it. If such a judgment is *prima facie* evidence, any one will perceive the difficulty there is rebutting it; and why should any greater effect be given to a judgment obtained by default against a sheriff, or, by his confession, against his surety, when it is certain that his confession, by itself, would not be so? The judgment against the sheriff is not essential, in this State, to enable the party to proceed against the surety. and, therefore, seems to have no bearing in an action upon his bond. It may be remarked, that the case of a sheriff is entirely different from that of an administrator and guardian, inasmuch as a part of their duty is the settlement with the court.

It is, therefore, the opinion of the majority of the court, that a suit against the sheriff does not affect the sureties, when a common law action is brought on the bond. My own opinion is,

there is no middle ground between its admission, as conclusive of liability, or its entire rejection.

It results from this, that the record of the judgment against Bell was improperly admitted as evidence; and that the evidence for the defendant was improperly rejected.

Judgment reversed, and remanded.