Yarbrough v. Hudson.

YARBROUGH vs. HUDSON.

1. A recital in the bill of exceptions that the defendant offered evidence to which "the plaintiff objected, but his objection was overruled and plaintiff excepted," sufficiently shows that the evidence was actually given to the jury.

2. In an action for maliciously suing out an attachment, evidence that another attachment against the plaintiff was in the hands of the sheriff and was levied on the same property at the same time that the defendant's was levied, is inadmissible for the defendant.

3. But the defendant may prove the issuance of another attachment and *notice thereof to himself* previous to the issuance of his own attachment, as tending to rebut the presumption of malice.

4. A deed of trust executed by the plaintiff prior to the issuance of the attachment is admissible evidence for the defendant in such an action; and also any proof tending to show that it was fraudulent; or

Yarbrough. v. Hudson.

that it was part of a plan to enable the plaintiff to dispose of his property fraudulently; or that he was in embarrassed circumstances at the time of its execution; or that the property conveyed by it was subsequently run off by the beneficiary to another State.

5. The contents of a bill of sale cannot be proved by parol until the instrument itself is produced or its absence accounted for.

6. Previous to the Act of 1850, (Pamphlet Acts, 45) an attachment could not be sued out on account of a fraudulent disposition of his property by the defendant, consummated prior to the issuance of the attachment.

ERROR to the Circuit Court of Talladega. Tried before the Hon. E. Pickens.

THIS was an action to recover damages for the wrongful and vexatious suing out of an attachment by Hudson against Yarbrough. The attachment was issued on 2d February, 1848. At the trial the defendant offered in evidence, after proving its execution, a deed of trust executed by plaintiff, dated January 18, 1848, to secure a debt due to his brother, L. Yarbrough. The plaintiff objected to its introduction, but the court admitted it. "The defendant offered to prove by one Wilson, that L. Yarbrough, the beneficiary in the deed, in November, after its execution, went to the house of witness and wanted witness to give up to him some of the negroes which had been conveyed in the deed of trust and which witness had in his possession, and said he had a bill of sale for them from the plaintiff." The plaintiff objected to this evidence, but the court admitted it. The other evidence in the case may be gathered from the opinion of the court.

WOODWARD, for plaintiff in error.

RICE & MORGAN, contra.

COLEMAN, J.—The suit was brought in this case to recover damages for the alleged wrongful and malicious suing out of an attachment.

The bill of exceptions contains this statement: "The defendant offered to prove by the sheriff that another attachment against the plaintiff was in his hands at the same time that he levied Hudson's, (the defendant) in favor of Hardie & Co.,

which was also levied on the same property. Plaintiff objected, but his objection was overruled and plaintiff excepted." The defendant insists that we should not notice this exception, because it does not appear that the evidence objected to was actually given to the jury. We think that a reasonable construction of the bill of exceptions authorizes the conclusion that the testimony was given to the jury. If the defendant did not introduce the evidence after the court permitted it, we see no possible reason for the plaintiff's tendering or the court's signing the bill of exceptions. We think the court erred in permitting proof of the levy of the other attachment on the same property; we cannot perceive how it was pertinent proof under the issue. To show that others were liable as well as the defendant, would not lessen the damages for which he might be liable. We think it was competent for the defendant to show the issuance of Hardie & Co.'s attachment and *notice* thereof to him, previous to the issuance of his own, as tending to rebut the presumption of malice. If it appeared that the defendant acted on the information of others, such as the affidavit in Hardie & Co.'s case might afford, it was a circumstance going to show that he acted without malice.— Chandler v. McPherson, 11 Ala. 916.

We think it was clearly proper to introduce the deed in evidence and also any proof going to show that it was fraudulent, such as the evidence that it contained all plaintiff's property. The several judgments mentioned in the bill of exceptions were also competent evidence, as going to show the embarrassed condition of the plaintiff, and a motive for fraudulently disposing of his property. Although the deed was made some time previous to the issuance of the attachment, it authorizes conditionally a further sale of the property which had been left in the possession of the plaintiff. The deed may have been part only of a plan to enable the plaintiff thereafter to dispose of his property fraudulently, &c. It was competent to show the subsequent running off of the property to Georgia, and that it was in the possession of Littleton Yarbrough, the beneficiary in the deed, as circumstantial evidence going to show that the execution of the deed was not intended as the only act to be done towards the fraudulent disposition of the property.

The declaration of Littleton Yarbrough as to the bill of sale, (as proven by the witness Wilson,) was inadmissible. Yar-

brough was a competent witness, and the bill of sale ought to have been produced or its absence accounted for before evidence of its contents could be given.

The plaintiff asked the judge to charge, " that if the deed in trust had been executed previous to the issuance of the attachment, and no other act intended to be done by the plaintiff in purpose of fraud, then as the act had been consummated, the after suing out of the attachment would be wrongful." The judge declined so to charge, but charged " that if the deed had been recently executed, and only heard of by the defendant shortly before the attachment, the fact that it may have been consummated and nothing more intended, would not make the issuance of the attachment wrongful."

At the date of this attachment the statute authorized the issuance thereof, when affidavit should be made " that the party is about to dispose of his property fraudulently, with the intent to evade the payment of the debt sued for." It is obvious, therefore, that a fraudulent disposition of the party's property, consummated previous to the issuance of the attachment, did not justify the suing out of the same, and that the court erred in ruling to the contrary.

Let the judgment be reversed and the cause remanded.