## SACKET & SHELTON *vs.* McCORD.

1.  A judgment on verdict against the plaintiff in attachment is not conclusive evidence, in a subsequent suit on the bond, that the attachment was wrongfully sued out.
2.  The party excepting is only required to set out in the bill of exceptions so much of the evidence as may be necessary to show that the court erred in its ruling; and a reversal necessarily follows, unless the record also shows that no injury resulted from the error.
3.  When the bill of exceptions states that the ruling of the court "was objected to" at the time it was made on the trial, it is sufficient.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

DEBT by Charles McCord against the appellants, on an attachment bond, given by them in a suit between Jeremiah Sackett and said McCord.

On the trial, "the court permitted the plaintiff to read to the jury an entry from the minutes of the present term of this court, not signed by the presiding judge, of a judgment on the verdict of a jury against the plaintiff in the attachment suit of Sackett v. McCord, the bond in which is the foundation of the present action ; to which the defendants, by their counsel, objected. And the judge charged the jury, that the said entry was a judgment, and was conclusive evidence that the attachment was wrongfully sued out; to which defendants also objected, and prayed the court to sign and seal this bill of exceptions," &c.

" The matters set forth in the bill of exceptions," are now assigned for error.

P. HAMILTON and GEO. N. STEWART, for appellants :

1. The judgment in the attachment suit was not conclusive evidence, against the defendants in this, that the attachment was wrongfully sued out. It was not a judgment between the same parties, that being against Jeremiah Sackett, and this against his sureties ; it does not appear but that it might have been rendered on demurrer to the declaration, or on plea of payment or release, or by collusion between plaintiff and defendant. In no aspect could it be held to have other effect than as *prima facie* evidence.—4 Hawks' R. 34; *ib*. 43 ; 3 Yeates 128; 9 Port. 412; 2 N. H. 190; 4 Greenl. 72 ; 2 Rand. 313 ; 3 Cowen & Hill's Notes 984 ; 5 Monroe 266, 267; 9 Yerger 111; 6 Rand. 86 ; 21 Pick. 253.

2. The entry was no judgment. The result of the case still remained in the breast of the judge, until the minutes were signed ; that judgment might have been set aside, and a new trial granted.

WM. G. JONES, *contra :*

1. The bill of exceptions is to be construed most strongly against the party excepting. In what purports to be the bill of exceptions in this case, the admission in evidence of the judgment entry was "objected to" by the defendant, but not except-

ed to. So, too, we insist that the charge of the court was only "objected to," and not excepted to. Under the recent decisions of this court, it is submitted that no exception appears to have been taken in the case during the progress of the trial.— 21 Ala. 200; *ib.* 358; 11 *ib.* 732; 9 Wheat. 657.

2. The judgment was admissible in evidence. The fact that the attachment suit was not prosecuted to effect was directly in issue; and the verdict and judgment in the attachment case was not only competent and admissible evidence, but the only legitimate evidence of that fact.

3. The charge of the court must be taken and construed with reference to the evidence, and the bill of exceptions is to be taken most strongly against the party excepting. The charge was given to the jury after the evidence was closed. It does not seem that the defendants offered any evidence at all. The court did not reject any evidence offered by them. They did not attempt to show that the attachment was rightfully sued out, notwithstanding the verdict and judgment in the attachment suit. So far as appears from the bill of exceptions, the verdict and judgment in the attachment suit was the only evidence before the jury. Each party rested his case there, and went to the jury. Under this evidence the court properly charged the jury that this was conclusive evidence that the attachment was wrongfully sued out. The case is argued by the counsel for the plaintiffs in error as if the court held this an estoppel, and prevented the defendants from offering evidence to show that the attachment was properly sued out. But this was not the case. The defendants did not offer any such evidence. They made no effort to contradict the *prima facie* case made by the plaintiff. In this respect this case is clearly distinguished from the case of Marshall v. Betner, 17 Ala. 832.— That was an action on the case, and not on the attachment bond; and the court only decided that the judgment in the attachment case did not estop the party from offering evidence to show that the attachment was properly sued out. That is very different from this case. Here no attempt was made to introduce such evidence.

4. The judgment was admissible in evidence even against a stranger, for the purpose of showing that such a judgment had been rendered. But these parties were not strangers to the at-

tachment suit. One of them was the very individual who procured the issuance of the attachment, and by giving this their bond in the case they made themselves privies to the case, and a judgment is not only admissible but conclusive evidence against parties and privies.

GOLDTHWAITE, J.—The condition of the attachment bond was, in accordance with the statute, (Clay's Digest 54 § 3,) to prosecute the attachment with effect, and pay the plaintiff all such damages as he might sustain by the wrongful suing out of the same; and although a record of a judgment or verdict, in favor of the defendant in attachment, would be conclusive to show that the plaintiff had failed to prosecute his suit to effect, by itself it was not conclusive, as to the wrongful suing out of the attachment; for it may have been rendered upon an issue not affecting the merits of the case. We do not say that it would have been conclusive had it been rendered upon the merits, (Lucas v. The Governor, 6 Ala. 826,) but it certainly was not when introduced by itself.—Marshall v. Betner, 17 Ala.

As to the argument for the defendant in error, that as the bill of exceptions does not show that any other evidence was offered than the judgment referred to, that the charge of the court must be taken with reference to that evidence only, and in that respect was correct: The fact that no other evidence was offered than the judgment, might render it more effective as evidence before the jury, but would not change its character, so as to authorize the court to say that it was conclusive. We cannot, however, say from the record that there was no other evidence, as the party excepting is only required to set out so much of the testimony as may be necesssary to show that the court erred in its ruling, and when this is done a reversal necessarily follows, unless the record also shows that no injury resulted from the error.

It is also urged, on the part of the appellee, that the assignment of errors cannot be considered, for the reason that it does not appear that the ruling of the court below was excepted to. We think that when the bill of exceptions shows that the ruling of the court was objected to at the time it was made on the trial, it is sufficient. A bill of exception is defined to be " a statement of the objections made by the parties to the ruling of the

court," (Bouv. Law Dic. 200,) and the bill in the present case comes fully up to the definition. We are unable to see any sound reason why it should be necessary to state specially that the ruling of the court was excepted to. Such must necessarily be the purpose and intent of every objection which is made to the decision of the court, and the objection becomes senseless and absurd on any other supposition.

The judgment must be reversed, and the cause remanded.