## PICO v. WEBSTER, Sheriff, and his Sureties.

WHERE the surety undertakes that his principal shall pay any judgment to be rendered, etc. the judgment against the principal is conclusive against the surety.

But, in the case of official bonds, the sureties undertake in general terms, that the principal will perform his official duties; and a judgment against the officer, in a suit to which they were not parties, is not evidence against them.

That the sureties had notice of the suit against the principal amounts to nothing, unless it was notice according to the statute, or unless they appear voluntarily as parties to the record.

According to common law rules, a plaintiff cannot, by mere notice, bring in parties not sued in an action for trespass, when there is no pretense that they were trespassers.

A judgment is always admissible as proof of its rendition, when that fact is relevant, but not as proof to charge a stranger, directly, by its operation.

APPEAL from the Fifth District.

Plaintiff had judgment. Defendants appeal. (See *Pico* v. *Webster*, 12 Cal.)

*D. W. Perley*, for Appellants.

A judgment is conclusive only between parties and privies. (*Gridley* v. *Dewey*, 2 How. Miss. 820; 6 Conn. 508; 1 A. K. Marshall, 179; 1 Root, 185.) And no person is bound by a judg-

ment without judicial notice of some sort. (*Shaffer* v. *Gates,* 2 B. Monroe, 453; *Englehead* v. *Sutton,* 7 How. Miss. 99; *Clark* v. *Grayson,* 2 Pike, 149.) Strangers to a judgment may impeach it collaterally by disproving the facts upon which it was predicated. (*Naison* v. *Blaisdale,* 12 Vt. 165.) A judgment by confession of the principal, or upon the testimony of witnesses, is not conclusive against the sureties, and they may show that the principal was not liable. (*Atkins* v. *Bailey,* 9 Yerger, 111; 2 Pick. 223.) A verdict against the principal in a recognizance cannot be given in evidence against the surety. (3 Yeates, 128.)

Judgment against the principal in a bond is not conclusive evidence against the surety.

The express point now in controversy was decided by Sharkey, C. J. in the case of *Carmichael* v. *The Governor et als.* (3 How. Miss. 236,) in which the whole doctrine was ably expounded. (See, also, *Lucas* v. *The Governor,* 6 Ala. 826. See, also, *Overseers of the Poor* ads. *Munford,* 2 Rand. 313; *Beall* v. *Beek,* 3 H. & McH. 242; *Douglass* v. *Howland,* 24 Wend.; *Moss* v. *McCullough,* 5 Hill, 131; *Jackson* v. *Griswold,* 4 Id. 522; 2 American L. Cases, 184—188.)

*O. L. Bridges,* for Respondent.

The judgment was conclusive. (12 Mass. 166; 6 John, 158; 7 Id. 168; 2 Pick. 304; cases cited from 3 Phillips, 2d Ed.; Notes by Cowen & Hill; 12 Wheat. 575.)

As to admission of judgment roll and verdict in the case of *Pico* v. *Webster,* see *Adams* v. *Bulch,* 5 Greenl. 138; 4 Starkie's Ev. 1344; 4 Wheat. 213.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This suit was brought on the official bond of defendant, Webster, who was Sheriff of San Joaquin County, against Webster and his sureties. The suit was brought to recover damages for the levy by Webster on property of plaintiff, which levy was made under color of process. Suit was brought against Webster for the trespass involved in this levy and seizure, and judgment recovered against him before the institution of this suit. The record of this recovery was offered as evidence by the plaintiff

on the trial. The defendants offered to prove, on their part, that Webster was not guilty of the trespass complained of, and that the property seized was not the property of the plaintiff here. But the Court refused to admit the testimony, upon the ground that the judgment against the Sheriff was conclusive of all the facts passed upon and decided by the record. To this ruling the defendants excepted, and now present it for review here on appeal.

There is no little conflict in the cases on this subject. There can be no doubt, that where a surety undertakes for the principal, that the principal shall do a specific act, to be ascertained in a given way, as that he will pay a judgment, that the judgment is conclusive against the surety; for the obligation is express that the principal will do this thing, and the judgment is conclusive of the fact and extent of the obligation. As the surety in such cases stipulates without regard to notice to him of the proceedings to obtain the judgment, his liability is, of course, independent of any such fact. (*Wain* v. *Gold*, 5 Pick. 480 ; *Lincoln* v. *Blanchard*, 17 Vermont, 474. See, also, *Riddle* v. *Baker*, in this Court.) It is upon this ground that the liability of bail is fixed absolutely by the judgment against the principal. But this rule rests upon the terms of the contract. In the case of official bonds, the sureties undertake, in general terms, that the principal will perform his official duties. They do not agree to be absolutely bound by any judgment obtained against him for official misconduct, nor to pay every such judgment. They are only held for a breach of their own obligations. It is a general principle, that no party can be so held without an opportunity to be heard in defense. This right is not divested by the fact, that another party has defended on the same cause of action and been unsuccessful. As the sureties did not stipulate that they would abide by the judgment against the principal, or permit him to conduct the defense, and be themselves responsible for the result of it, the fact that the principal has unsuccessfully defended, has no effect on their rights. They have a right to contest with the plaintiff the question of their liability ; for, to hold that they are concluded from this contestation by the suit against the Sheriff, is to hold that they undertook for him that they would be responsible for any judgment against

Pico v. Webster.

him, which might be rendered by accident, negligence, or error, instead of merely stipulating that they would be responsible for his official conduct. The authorities which sustain this view are numerous. In *McKellar* v. *Barrell*, (4 Hawks, N. C. 34,) a decree against the administrator of a guardian, was held not to be evidence against the sureties of the guardian to charge them with the amount which was recovered against the estate for unfaithful administration of the trust. *Munford* v. *Overseers of the Poor*, (2 Randolph, 313,) went a little further, holding, that a judgment against the Sheriff was no estoppel against him in an action on the bond against him and his sureties. It seems to be held there, that no recovery could be had against the principal, because he was not liable jointly with the sureties, and that the record of the judgment would be only *prima facie* evidence against the sureties. *Beal* v. *Beck*, (3 Harris & McHenry,) is to the same effect. *Douglass* v. *Howland*, (34 Wend. 35,) is a leading case. The authorities are reviewed by Mr. Justice Cowen with his usual learning. That case was covenant, brought by the plaintiff against the surety on an obligation by the principal, to account and pay over such sum as shall be found to be owing by him, and the surety covenanted that the party thus agreeing "shall perform the agreement." A decree in chancery against the principal was offered. The decree was on a bill filed to compel an account; held, that it was no evidence against the surety, unless he had notice of the suit and an opportunity to defend, in the name of the principal. Many authorities are cited by the learned Judge, who concludes, that the surety's obligation was to pay over a balance due, not that he should abide by a judgment at law, or a decree in chancery, for not accounting.

A distinction is taken as to administration bonds founded upon the terms of the obligation, as used in South Carolina and other States—those being that the administrator should account, meaning account before the Probate Court—which was held equivalent to an obligation by the surety to pay such decree as that Court might render. (See Cowen & Hill's Notes to 1 Phil. Ev. 994.) The same doctrine was involved in the case of *Moss* v. *McCullough*, (5 Hill, 131.) It was there held, that in general, a judgment obtained by a creditor against the principal, is not evidence against the surety, for the purpose of establishing the de-

mand. In this case, suit was brought against a stockholder of a corporation organized under the New York laws, the stockholder under the Act not being responsible until after judgment against the corporation; held, that the judgment against the corporation could not be used against the defendant, either as *prima facie* or conclusive evidence of the genuineness of, or responsibility for, the debt. Previous decisions of the Court (*Slee* v. *Bloom*, 20 John. 669; 2 Hill, 265) are explained, and *Douglass* v. *Howland* is affirmed. The Court say:

" The contract is to pay the debt, not the judgment. The general doctrine of *Douglass* v. *Howland*, has been recently reviewed in the Court of Errors. (*Jackson* v. *Griswold*, 4 Hill, 552.) The question was embarrassing, and the cases far from being uniform. The decided weight of authority, however, both at law and in equity, was found to be against allowing the surety to be at all embarrassed by ⬤ judicial proceeding. He stands, as was held in *Slee* v. *Bloom*, on the precise rights of his principal under the contract. If the latter can defend, so can the surety. The surety is bound by the acts *in pais* of the principal or his agents, but is neither bound nor touched by any judicial proceeding to which the principal alone is a party; nay, says *Jackson* v. *Griswold*, even though he actually participate in the prosecution or defense, unless he be a party to the record."

Bronson, J. delivered a separate opinion, affirming this view of the question.

The case of *Jackson* v. *Griswold*, (4 Hill, 522,) is as just stated. The doctrine of *Douglass* v. *Howland*, is affirmed, and the *dicta* in that case that the surety might be bound by notice other than that required in the usual course of proceeding to bring in or bind a party, withdrawn. (See 8 Hump. 40. *Carmalt* v. *The Commonwealth*, 5 Binney, is a strong and well reasoned case to the same effect.)

It is true, there are authorities to the contrary, of great weight. In 10 Metcalf, (314,) it was held the judgment was *prima facie* evidence against the surety. So in *Masser* v. *Strickland*, (17 S. & R. 354,) and several other Pennsylvania cases; and in *McLaughlin* v. *Bank of Potomac*, (7 How. 220.) But in *Masser* v. *Strickland*, the authority is weakened by the able dissenting opinion of Chief J. Gibson, who coincides with his predecessor, C. J. Tilgh-

man, in 5 Binney.   The English rule seems to be that laid down in New York.   See *King* v. *Norman,* (4 C. B. 883,) where it was held that the judgment against a surety who gave no notice to the principal, was no evidence against the principal.   The action was to recover money paid by plaintiff as surety on a Tax Collector's bond.

This precise question arose in the case of *Carmichael, Appellant,* v. *The Governor,* (3 How. Miss. 236.)   Mr. C. J. Sharkey delivered the opinion, holding that a judgment against the Sheriff on motion to pay over money, is not evidence in an action against the sureties on the Sheriff's bond, to establish the breach thereof in failing to pay over money.   The Court cite the case in 5 Binney as authority; also, 1 Starkie on Ev. (182, 189,) and place its reasoning upon the same grounds as those we have before assumed; and it adds, "that if the judgment was admissible in evidence, it was certainly conclusive unless it was fraudulent, and the consequences would be, that Carmichael would be bound by a judgment to which he was no party, and had no opportunity of making a defense, and which might have been sufficient if he had been permitted to defend." *Lucas* v. *The Governor,* (6 Ala. 826,) is to the same purpose.

We cannot see how, if the judgment be evidence at all, it is less than conclusive in the absence of fraud or collusion.   The reason which admits it must be broad enough to give it conclusive effect.

Nor is there anything in the point that these defendants had notice.   They must have had legal notice, which we have held to be that required by statute, or make voluntary appearance as parties to the record.   According to common law rules, a plaintiff cannot bring in parties not sued in an action of trespass by mere notice, when there is no pretense that they were trespassers.

A judgment is always admissible as proof of its rendition when that fact is important or relevant, but not proof to charge a stranger directly by its operation.

It follows that the judgment must be reversed, and cause remanded for a new trial.