## LOCKHART *vs.* WOODS.

| 38  | 631 |
| 117 | 334 |

[ACTION ON ATTACHMENT BOND.]

1. *Defense not limited to ground stated in affidavit.*—In an action on an attachment bond, the defense is not limited to proof of the particular facts stated in the affidavit for the attachment, but may be rested on the existence of any one of the several grounds which authorize the issue of an attachment.

2. *Proof of debtor's pecuniary condition.*—Although neither indebtedness, nor pecuniary embarrassment, nor even insolvency, on the part of a debtor, can justify the wrongful, or mitigate the malicious suing out of an attachment against him; yet, in an action on the bond, it being shown in defense that, at the time the attachment was sued out against him, he was about to dispose of his slaves, and had already disposed of his other personal property at an inadequate price, evidence of his embarrassed pecuniary condition at the time is admissible, because pertinent to the question of the *bona fides* of the conveyances.

3. *Same, in rebuttal.*—In such case, it is permissible for the plaintiff to rebut the evidence as to his pecuniary embarrassment, by proof of outstanding accounts due to him as a physician; but, where such proof is made by his own books, it must be accompanied with evidence showing the correctness of the accounts as charged; nor are the assessor's books, showing the amount of his taxable property as assessed that year, competent evidence for him.

4. *Proof of issue and levy of other attachments.*—The defendant may show, in defense of the action, as tending to rebut the presumption of malice, the issue of another attachment, and notice thereof to himself, the day before his own attachment was sued out; *secus*, as to an attachment of which he had no notice.

5. *Attachment wrongful, if no debt; general charge on evidence.*—Where there is no debt owing from the defendant to the plaintiff in attachment, the condition of the bond is broken, and the obligee is entitled to recover, in an action on the bond, at least nominal damages, or such actual damages as he may have sustained; and if there is no proof whatever of the existence of any debt, the court may instruct the jury, without hypothesis, to find for the plaintiff.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Charles H. Lockhart, against Thomas G. Wood, John M. Philips, and Walter H. Weems; was commenced on the 24th July, 1860; and was founded

on an attachment bond, executed by the defendants, the condition of which was as follows: " Whereas, the above-bound Walter H. Weems, as one of the attorneys of the said Thomas G. Wood, has, on the day of the date hereof, prayed an attachment, at the suit of the said Thomas G. Wood, against the estate of the said Charles H. Lockhart, for the sum of fifty-seven dollars, and. has obtained the same returnable to the next term of the circuit court of Russell, to be held on the fourth Monday in March, 1860 : now, if the plaintiff shall prosecute his attachment to effect, and pay the defendant all such costs and damages as he may sustain by reason of the wrongful or vexatious suing out of. said attachment, then this obligation to be void," &c. The complaint contained two counts ; the first alleging the execution of the bond, and claiming the amount of the penalty; the second setting out the condition, and alleging, as a breach thereof, that the attachment was wrongful and vexatious, and that the defendants had failed to pay plaintiff the damages thereby sustained by him. The defendants pleaded the general issue, " in short by consent, with leave to give in evidence any special matter of defense ; and with like leave to the plaintiff to give in evidence any facts which would sustain any replication or assignment of breaches."

On the trial, as the bill of exceptions shows, the plaintiff read in evidence the record of the attachment suit. The record showed that the attachment was sued out by Walter H. Weems, as attorney for Thomas G. Wood, on the 21st March, 1860, on the ground that the defendant therein was about to remove his property beyond the limits of the State, so that the plaintiff would probably lose his debt, or have to sue for it in another State; and that on the 3d of April, 1860, the suit was dismissed, and judgment for costs rendered against the plaintiff in attachment. The plaintiff further proved, that at the time said attachment was sued out against him, he was a resident citizen of said county, had possession of a house and lot in the town of Crawford, and had been a practicing physician

Lockhart v. Woods.

there for several years; and that the property seized under the attachment was worth between five and six thousand dollars. The defendants then introduced one Harris as a witness, who testified to repeated conversations between himself and the plaintiff, two or three weeks prior to the suing out of the defendant's attachment, in which plaintiff admitted that "he was broke—was insolvent," and declared his intention to remove his property out of the State, so as to avoid his creditors; "that his plan of removal was to take his negroes and mules, and go south to Dale county, and thence westward, and dispose of his negroes, while witness was to loan him two mules, to carry his family to the cars at Opelika, to go eastward;" that witness and plaintiff, during these two or three weeks, "were engaged in a trade, which was consummated a day or two before said 21st March, 1860, and by which plaintiff sold out to witness all his stock, corn, fodder, and meat, at a low down price; that the price agreed on was five hundred dollars, payable on the 1st January, 1861, and the trade was consummated by two notes,—one for two hundred dollars, received by Lockhart himself, and the other for three hundred dollars, received by B. H. Baker, in his presence, and by his direction, in part payment of a negro [under a contract] then and there consummated between said Baker and plaintiff;" also, that he had communicated to Baker the substance of his conversations with plaintiff, and Baker had communicated the same to Philips & Weems, who were attorneys for the plaintiff in attachment. "The defendants asked said witness, what plaintiff had told him, in said conversations, in reference to his pecuniary circumstances; in reply to which, the witness made the statement above mentioned, 'that he said he was involved and broke.' The plaintiff objected to said question, and also to the answer thereto, and excepted to the overruling of his objections by the court."

"To show that he had acted without malice, defendants' counsel offered in evidence three other attachments against said Lockhart, amounting to nearly five hundred dollars in

debts, which were dated and sworn to on the 20th March, 1860, and of which Philips & Weems, attorneys for said Wood, and sureties on the bond on which this suit was founded, had notice. The plaintiff objected to the admission of said attachments as evidence, and excepted to the overruling of his objection. The defendants then offered record evidence of three other attachments against said Lockhart, issued on the 21st March, 1860, to prove indebtedness by said Lockhart, to the extent of seven hundred dollars additional; to which the plaintiff objected, and excepted to the overruling of said objections by the court."

The witness Harris further testified, " that he received a letter from Mrs. Lockhart, a day or two after said attachments were sued out, requesting him to sell her a sow and pigs, which he had purchased from said Lockhart in the trade above spoken of; that in his answer he had referred to said Lockhart, and denied that he had ever told Baker about his intention to run away; but this, he said, was done from sympathy for her distress, and was false. The defendants offered in evidence the said letter from Mrs. Lockhart, and the court admitted it, against the plaintiff's objection; to which ruling of the court, also, the plaintiff excepted."

" The plaintiff offered in evidence the tax-assessor's books of Russell county, to show that the amount of property assessed against him in 1859 and 1860 was about fifteen thousand dollars. The court excluded this evidence, on the defendants' objection, and the plaintiff excepted. The plaintiff offered in evidence, also, his medical books of accounts, connected with proof of their having been correctly kept, to show that the amount of good debts therein charged, up to March, 1860, exceeded his liabilities. The defendants objected to this evidence also, and the court sustained their objection; to which the plaintiff excepted."

" The above being the substance of all the evidence in the case, the plaintiff's counsel thereupon asked the court to charge the jury, that if they believed, from the evidence,

Lockhart v. Woods.

that no demand in favor of said Thos. G. Wood against said Lockhart existed at the time said attachment was sued out, then they must find in favor of the plaintiff in this action. The court refused to give this charge, and the plaintiff excepted to its refusal."

The several rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

G. D. & G. W. HOOPER, for appellant.
PHILIPS & WEEMS, *contra.*

A. J. WALKER, C. J.—In an action, the gravamen of which is the wrongful and malicious suing out of an attachment, the defense may be rested upon the existence of any one of the several grounds for the procurement of such process.—*Kirksey v. Jones*, 7 Ala. 622. The attachment which gave rise to this suit, was sued out upon the ground that the defendant in attachment was about to remove his property out of the State, so that the plaintiff would probably lose his debt, or have to sue for it in another State. Nevertheless, it was a matter provable in the defense of this action, that the defendant in attachment had fraudulently disposed of his property, or was about to fraudulently dispose of his property; for they are also grounds upon which an attachment may be obtained.

[2.] Evidence was produced on the trial of a sale which had been for some time under negotiation by the defendant in attachment, of a portion of his property before the issue of the attachment, at what the witness denominated "a low down price." There was, also, evidence conducing to show an intention to dispose of his slaves. The plaintiff excepted to the ruling of the court below admitting the further evidence that the defendant in attachment, not long before the attachment issued, admitted "that he was involved," and "that he was broke." This evidence was clearly pertinent to the question of the *bona fides* of the conveyance made, as well as of that which was contemplated. The defendant had a right to show a fraudulent

intent, as connected with the conveyance made and that contemplated, in support of the proposition, that the plaintiff had conveyed his property fraudulently, or was about to do so. The evidence above stated was, therefore, in the attitude in which the defense was presented in the court below, admissible. It was so ruled by this court, upon a similar question, in *Yarbrough v. Hudson*, 19 Ala. 653. It must, however, be understood, that neither indebtedness, pecuniary embarrassment, nor insolvency, is a ground for the obtainment of an attachment ; and that neither can justify the wrongful suing out of an attachment, or mitigate the offense of malice in obtaining it. The pecuniary condition of the defendant is only admissible in evidence, when it contributes to support some proposition which becomes material on the trial.—*Floyd v. Hamilton*, 33 Ala. 235 ; *Jones v. Lawrence*, 36 Ala. 18.

[3.] It would be competent for the plaintiff to meet the defendants' evidence, as to his embarrassed pecuniary condition, by proof of subsisting accounts due to him as a physician ; but such testimony could not be received, without evidence that they were just. We have some doubts as to the effect of the statement in the bill of exceptions, that the books of the plaintiff were correctly kept ; and we therefore do not decide, whether the court erred in excluding the plaintiff's medical books upon the proof made. The tax-assessor's books were not competent evidence for the plaintiff.

[4.] The court committed no error, in admitting in evidence the attachments issued one day before the attachment in this case, in connection with evidence that notice thereof was had, before suing out the process, by two of the defendants, one of whom, as attorney, procured the attachment. Such evidence is admissible upon the question of malice. It is so decided in *Yarbrough v. Hudson*, 19 Ala. 653. But the attachment offered without proof of notice to the defendants, and the letter of Mrs. Lockhart, were clearly inadmissible.

[5.] The first charge asked by the plaintiff ought to

have been given. If there was no debt, the attachment was wrongfully issued.—*Spivey v. McGehee*, 21 Ala. 417; *Seay v. Greenwood, ib.* 419; *Sharpe v. Hunter*, 16 Ala. 765; *Marshall v. Betner, ib.* 833; *Jones v. Kirksey*, 10 Ala. 839; *Sackett v. McCord*, 23 Ala. 851; *Zeigler v. Hall & David*, 23 Ala, 127; *Garrett v. Logan*, 19 Ala. 344. If the attachment was wrongfully sued out, there was a breach of the condition of the bond; and the plaintiff had a right to recover nominal damages, if there was no actual damage.— *Garnett v. Yoe*, 17 Ala. 74; Sedgwick on the Measure of Damages, chap. 2. But he was entitled to recover any actual damage he may have proved. The charge asked could only be proper, where the evidence was such as to leave no room for controversy as to the right of recovery, if the jury were convinced by the evidence that there was no debt. Such was the case here. There was no evidence tending, in the slightest degree, to oppose the plaintiff's right to recover nominal damages, or the actual damages proved, if there was no debt. It was, therefore, the duty of the court, without hypothesis, to have instructed the jury that the plaintiff was entitled to recover, if there was no debt upon which the attachment could issue.

Reversed and remanded.