# POWERS AND BULL v. THE STATE.

1. The act of 1829, which imposes a penalty of forty dollars on any Justice of the Peace who shall perform any official act after his removal from the beat in which he was elected, is modified by the act of 1840, as it respects Justices elected for the city of Mobile; which latter act authorizes Justices of the Peace elected within the city, to reside, hold their offices, and transact official business in any beat within the same. Consequently, a plea in abatement, which alledges that a recognizance was taken by a Justice of the Peace in the city of Mobile, after his removal from the beat for which he was elected, should negative his election in one of the beats of the city.

SAMUEL POWERS was arrested in December, 1841, for an offence against the State, and taken before John Stringer, then acting as a Justice of the Peace for Mobile county, who recognized him with the plaintiffs in error as his sureties, to appear at the term of the Circuit Court of that county, to be holden in February, 1842. At the term appointed for the appearance of

the accused, he failed to appear, and a judgment *nisi* was rendered against him and his sureties, for the sum of twenty-five hundred dollars, the penalty of the recognizance, and a *scire facias* awarded, requiring all the recognizors to show cause why the judgment should not be made absolute against them. The *sci. fa.* was served on the sureties only, who pleaded—

1. That Thomas Stringer, who took the recognizance on which they were sought to be charged, was not a Justice of the Peace, or in any manner authorized to take the same.

2. Thomas Stringer was, on the —— day of ———, 1841, elected a Justice of the Peace for Beat No. 3. of the 89th Regiment of the Militia of this State; that he has not resided in that Beat since his election, but has performed the duties of Justice of the Peace without the same, in the city of Mobile, where the recognizance in question was taken by him.

3. This plea alledges the election of the Justice, the exercise of his office in the city of Mobile, the taking of the recognizance there, as in the second plea, and only varies from it in alledging the removal of the Justice from the Beat in which he was elected on the day of his election.

The Solicitor filed a negative replication to the first plea and demurred to the second and third. The demurrer was sustained and a verdict being found for the State, upon the issue to the first plea, a judgment was rendered for the State. To revise which a writ of error is prosecuted to this Court.

J. GAYLE, for the plaintiffs in error. The act of January, 1829, prohibits, under a penalty, a Justice of the Peace from performing any official act, after his removal from the Beat for which he was elected. If a statute prohibits the doing of an act, and inflicts a penalty upon the offender, it is equivalent to an express declaration that the act is void. [4 Taunt. Rep. 876 ; Carthew's Rep. 251 ; Skin. Rep. 322 ; 1 Kent's Com. 467.]

The constitutional provision which requires that a competent number of Justices of the Peace shall be elected in each county, does not, by implication inhibit the Legislature from requiring them to be elected from different districts in the county, and when elected to reside in the district for which they are respectively chosen. While such requisitions do not limit

the official authority of the Justice to an improper extent, they are greatly promotive of convenience. If the law were otherwise, it might so happen, that instead of being distributed through the county, they might all reside in the same neighborhood.

The unfitness of the thing, or inconvenience of treating as void the act of the Justice, can have no influence upon the Court, the legislative will, if clearly expressed, must control. He cited Aik. Dig. 100, §2, 9 ; 299, 388, §5.

The ATTORNEY GENERAL, for the State, cited the act of February, 1840, " Authorizing Justices of the Peace in the city of Mobile, to hold their offices and transact business without the limits of their proper beats ;" and insisted that it showed that the demurrer of the State to the second and third pleas of the defendant should have been sustained.

COLLIER, C. J.—The act of January, 1829, " prohibiting certain persons from exercising the powers of Justice of the Peace and Constable in this State," imposes a penalty of forty dollars upon any person elected a Justice of the Peace, who shall perform any official act after his removal from the Beat in which he was elected ; and gives an action for its recovery, one half of which is to be appropriated to the use of the party aggrieved, and the other half to the poor of the county. It is needless to consider whether the imposition of a penalty by statute, is tantamount to a prohibition of the act, and whether the act done is so absolutely void, as to confer no right or impose no obligation, if the argument of the Attorney General is sustainable.

This argument we will now examine. The act of 1840, which has been cited, enacts, " That all Justices of the Peace who have been, or shall hereafter be elected, within the limits of the city of Mobile, shall, and may, be authorized to reside, hold their office, and transact official business in any Captain's Beat within the limits of said city ; any law to the contrary thereof notwithstanding." Now here is a direct abrogation of the act of 1829, so far as it applied to the city of Mobile, and Justices of the Peace are authorized to reside in, and do business in

any part of the city, no matter in which one of its beats they may have been elected. Both the second and third pleas alledge, that the Justice of the Peace taking the recognizance in question, was elected to that office in Beat No. 3, for the 89th Regiment of the Militia of this State. We are not informed that Beat No. 3, is not in the city of Mobile, and must rather intend that it was, in the absence of any allegation on this point, upon the principle that the pleading must be taken most strongly against the pleader. It cannot be objected that the act of 1840 is private, and should have been brought to the view of the Circuit Court. Without admitting such to be its character, it is quite enough to say, that all private statutes as printed with the general acts of the Legislature, may be used as evidence of the law. [See act of 1811, Aik. Dig. 283, §139.]

This view is decisive to show, that the pleas which were demurred to, do not sufficiently negative the want of authority in Stringer, as a Justice of the Peace to take the recognizance. The judgment of the Circuit Court is consequently affirmed.