## ROBERTS *vs.* HEIM.

[ACTION TO RECOVER DAMAGES FOR CAUSING ATTACHMENT AGAINST ANOTHER TO
BE LEVIED ON PLAINTIFF'S GOODS.

1. *Plea in abatement construed strictly.*—Pleas in abatement are not viewed with favor, and are construed most strongly against the pleader : the rule requires that every inference, however slight, should be repelled.

2. *Non-joinder of partner, when defendant in attachment, not pleadable in abatement.* If an attachment against one partner is levied on the goods of the partnership, and the other partner brings an action for damages against the attaching creditor, the non-joinder of the defendant in attachment is not good matter for a plea in abatement.

3. *Conclusiveness of judgment on trial of right of property.*—If the claimant recover judgment on verdict against the plaintiff in attachment, on a trial of the right of property under the statute and afterwards bring an action for damages against him, the judgment on the trial of the claim suit is conclusive on the point that the defendant in attachment had no interest in the property.

4. *Exemplary damages, when allowable.*—The law allows vindictive, or exemplary damages, whenever the trespass is committed in a rude, aggravating, or insulting manner, since malice may be inferred from these circumstances.

5. *Counsel fees, when recoverable.*—Counsel fees paid by the claimant in the suit brought to try the right of property, may be taken into consideration by the jury in assessing his damages, in a subsequent action for damages against the plaintiff in attachment.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Jacob Heim against John Roberts, to recover damages for the defendant's wrongful act in causing an attachment against Frederic .Heim to be levied on plaintiff's goods, whereby plaintiff was compelled to institute an action at law for their recovery, in the prosecution of which he necessarily· expended a large sum of money, and sustained great loss in his credit and business by the withdrawal of the same from his stock in trade, and was thereby prevented from making an intended increase and enlargement of his said business. The defendant pleaded in abatement, "that said attachment mentioned in said complaint, if any such was issued, was levied upon the joint property of one

Roberts v. Heim.

Frederic Heim and said Jacob Heim, (they being partners in the boot and shoe business, and the property so levied being the partnership goods of the said Heims,) and if any damage has accrued by reason of the issuance and levy of said attachment, it has accrued as well to the said Frederic Heim as to the said Jacob Heim ; and that said Frederic Heim is still alive, to-wit, at Mobile in said county ; wherefore, because said Frederic is not named in said complaint and summons, said defendant prays judgment," &c. The plaintiff demurred to this plea, because, " 1st, it is nowhere averred or shown in said plea that said Frederic Heim, whose non-joinder with plaintiff in this suit is insisted on in said plea, was, or is, authorized and capable in law of prosecuting the same as co-plaintiff therein" ; and, " 2dly, said plea admits, that the party whose non-joinder with plaintiff is thereby pleaded, is, of right and in law, incapable of prosecuting said cause of action." The court sustained the demurrer, and the defendant then pleaded not guilty.

On the trial, the plaintiff offered in evidence the record of the claim suit which he had brought against the defendant to try the right of property in the goods attached, and in which he had recovered a judgment on verdict, "as conclusive on said defendant to show that the goods so levied were not liable to the debt of the defendant in attachment, and the application of the same thereto was wrongful." This record, against the objection of the defendant, was allowed to go to the jury for this purpose, and the defendant excepted.

The plaintiff introduced as a witness one Charles Heim, who testified, that he and said Frederic Heim, the defendant in attachment, were the brothers of plaintiff, lived and worked together in the same shop with him, and were his journeymen ; that they were all present in the shop when the constable came to levy the attachment ; that plaintiff claimed the goods as his, and called the constable's attention to the sign over the door, with J. Heim's name upon it ; that the officer took away the goods, and kept them several days, and when returned they were considerably damaged ; that plaintiff lost ten or twelve days in attendance on court during the trial of the claim suit, and was compelled to deposit $150 with the surety who signed his bond in the claim suit ; that he also

lost fifteen or twenty customers by reason of the levy of the attachment, who were each worth to him from $15 to $20 per year; that plaintiff had intended, before the levy of said attachment, to remove his shop from Dauphin street to a more profitable stand on Royal street, and that he was prevented from doing so by the expenses caused by the levy of the attachment and the trial of the claim suit. Other witnesses for plaintiff testified to the fact that he had deposited $150 with the surety on his bond in the claim suit, and that he was negotiating for a house on Royal street about the time the attachment was levied. The plaintiff proved, also, by his attorney in the claim suit, that he had paid $30 counsel fees in that case.

The defendant introduced as a witness the constable who had levied the attachment, and who testified that the goods were not detained in his custody twenty-four hours, and that they were not damaged in the slightest degree when returned to him. He then offered to prove, " that there was an indebtedness existing between him and said Frederic Heim; that said Frederic, at the time this indebtedness accrued, owned the said shop and contents above spoken of; that said Frederic effected a sham sale with plaintiff, who was then working with him as a journeyman, and after the sale said Frederic still kept possession of said shop in all respects as before, and was still in possession; that said sale was made for the purpose of defeating the collection of this debt and others, and that the goods levied on were, in fact, the property of said Frederic Heim. To this evidence the plaintiff objected, and the court sustained the objection; ruling, that the defendant could only introduce evidence in mitigation of damages, or to show that the title to the goods was in some third person other than the said Jacob or Frederic, because the record of the former trial was conclusive that the goods were not the property of the said Frederic; and to this ruling of the court the defendant excepted."

The court charged the jury, " that they were authorized to give the plaintiff, if he was entitled to recover, exemplary or vindictive damages, provided they believed from the evidence that there were circumstances of aggravation or insult, at the instance of the defendant, attending the levy of the attach-

ment"; also, "that the plaintiff was entitled to recover, as a portion of his damages, the counsel fees paid on the trial of the claim suit, provided they were a reasonable and proper charge for the services rendered." To both of these charges the defendant excepted.

The errors assigned are, the sustaining of the demurrer to the plea in abatement, the rulings of the court on the evidence, and the charges given.

F. S. BLOUNT, for the appellant, contended,—

1. That the plea in abatement was correct and sufficient in form and substance.—1 Chitty's Pleadings, pp. 64-5; 1 Saunders' R. 291, g; Addison v. Overend, 6 Term R. 766; Sedgworth v. Overend, 7 ib. 279.

2. That the record of the former claim suit was not conclusive against the defendant as to the title to the goods attached, and the rulings of the court to that effect were therefore erroneous.—Marshall v. Betner, 17 Ala. 833; Haddan v. Mills, 4 C. & P. 486; Sackett & Shelton v. McCord, 23 Ala. 851, and authorities there cited on appellant's brief; Lucas v. Governor, 6 Ala. 826; 2 Stew. & P. 151; 2 Greenl. Ev. § 457.

3. That the charges of the court did not lay down the correct rule as to the measure of damages.—Sedgwick on Damages, 532, 562; Pacific Ins. Co. v. Conrad, 1 Baldwin's (Pa.) R. 138.

A. J. REQUIER, contra, cited the following authorities :—

1. That the demurrer to the plea in abatement was properly sustained,—1 Chitty's Pleadings, 457; Longman v. Pole, 1 Mood. & Mal. 223; Winston v. Ewing, 1 Ala. 129; Moore & Co. v. Sample, 3 ib. 319.

2. As to the conclusiveness of the record of the claim suit, 1 Greenl. Ev. § 531, note 2; Chamberlain v. Gaillard, 26 Ala. 504.

3. As to the right to recover exemplary damages, and counsel fees,—Mitchell v. Billingsley, 17 Ala. 394; Garrett & Hill v. Logan, 19 ib. 348; Tatum & Smith v. Morris, ib. 302; Ferguson & Scott v. Baber's Adm'rs, 24 ib. 402.

GOLDTHWAITE, J.—The action was for causing an attachment against Frederic Heim to be levied on the goods of the appellee. The appellant, who was the defendant below, pleaded in abatement the non-joinder of Frederic Heim ; alleging, that he and the plaintiff were partners, and as such joint owners of the property levied on. Pleas of this character are not viewed with favor, and the rule requires that every inference, however slight, should be repelled. Construing it most strongly against the pleader, and in the absence of any averment to that effect, we cannot say, with certainty, that the person whose non-joinder is pleaded is not the same with the defendant in attachment ; and if so, as he could not maintain this suit (Winston v. Ewing, 1 Ala. 129), his non-joinder could not be pleaded. It is true, if the defendant in attachment was interested as a partner with the plaintiff in the goods, that would be a bar to the action (Winston v. Ewing, *supra*), and could have been so pleaded ; but, as it would have put an end to any action for this cause, it could not be pleaded in abatement. The demurrer, therefore, was properly sustained.

The judgment on the trial of the right of property being between the same parties, was conclusive upon every matter which must have been litigated in that action.—Chamberlain v. Gaillard, 26 Ala. 504. The question on such trial was, whether the goods levied on were subject to the attachment ; and this necessarily involved the determination of the fact, whether the defendant in attachment had any interest in them, and was conclusive upon that point. The case of Sackett & Shelton v. McCord, 23 Ala. 851, is unlike this case ; for there it was simply a judgment for the defendant upon verdict, and there was nothing to show that it was rendered on an issue which went to the indebtedness of the defendant at the time the attachment was sued out. Marshall v. Betner, 17 Ala. 832, merely decided, that a judgment in favor of the defendant in the attachment suit would not prevent the plaintiff in that action, when sued for wrongfully and vexatiously suing out the attachment, from showing the real facts, although in issue in the former suit, in order to rebut the presumption of malice, which was an issue not presented in the other action. .

As to vindictive, or exemplary damages, the law allows them, whenever the trespass is committed in a rude, aggravating, or insulting manner, as malice may be inferred from these circumstances.—Woert v. Jenkins, 14 John. 352; Tifft v. Culver, 3 Hill, 180; Anthony v. Gilbert, 4 Blackf. 348. The charge of the court upon this point went no further than to assert the law as we have stated it.

In relation to the counsel fees paid in the claim suit, we are of opinion, that they formed a legitimate subject for the jury to take into consideration in the assessment of damages. Whenever a party is compelled, by the wrongful act of another, to have recourse to professional assistance, it is justly regarded as part of the damage occasioned by such act, and may properly be taken into consideration by the jury, in all compensatory actions.—Seay. v. Greenwood, 21 Ala. 492; Ferguson & Scott v. Baber's Adm'rs, 24 Ala. 402.

Judgment affirmed.