State *v.* Ward.

---

## STATE OF MAINE *vs.* GEORGE E. WARD.

*Plea in abatement must exclude all hypothesis consistent with legality.*

The respondent pleaded in abatement to an indictment the disqualification of one of the grand jurors, by whom it was found, because his name was drawn from a box containing more than two names for every hundred inhabitants, of the city of his residence, according to the census of 1870; but the plea did not state that the box was prepared, or the jury drawn, after the census of 1870; and, though it was the duty of the municipal officers to prepare such a box after that time, the presumption of the performance of official obligation is one of fact, and not an implication of law; therefore, the omission of such statement renders the plea fatally defective. It was equally the duty of the municipal authorities to prepare a box in accordance with law as to the number of names, as it was to do it after the census of 1870. The defendant's plea assumes that they have omitted one of these duties; but which, it does not clearly indicate.

ON EXCEPTIONS.

INDICTMENT under R. S., c. 27, for violation of the liquor law. There were seven of these cases in which the pleadings were the same as in the case of Ward. In each the respondent seasonably filed a plea in abatement alleging the disqualification of a grand juror from Portland, one of the panel by which the indictment was found. To this plea the county attorney filed a special demurrer for the state, which was joined by the respondent. The demurrer was sustained, the plea adjudged bad and the respondent excepted. He plead anew by a demurrer to the indictment, which was also overruled and he again excepted.

The plea in abatement which was verified by the oath of the

respondent was as follows, omitting the caption, signature and jurat :

"And now the said George E. Ward in his own proper person cometh into court here, and having heard said pretended indictment read to him, says that he ought not to be held to answer to the same ; because he says that George O. Batchelder, who acted as a pretended grand juror from the city of Portland in said county of Cumberland, in finding the said pretended indictment and in returning the same into said court at the said January term thereof, was not at the time said pretended indictment was found and returned into said court, and at the time he so acted as aforesaid, duly and legally qualified to act as such grand juror in this, that the last census of the number of persons in said city of Portland, was duly taken in the year of our Lord one thousand eight hundred and seventy. Yet the said city of Portland, at the time said George O. Batchelder was pretended to be drawn as grand juror for said court from said city of Portland, had no jury-box containing a number of names ready to be drawn when required for jurors, which did not contain more than two names for every hundred persons in said city of Portland, according to said census.

All which he is ready to verify. Wherefore he prays judgment and that the same may be quashed."

The prosecuting officer alleged as grounds of his demurrer that the plea was argumentative, not certain to every intent, was defective in form, double, uncertain, informal and otherwise defective.

*Strout & Gage, Mattocks & Fox, and M. P. Frank,* appeared for the several respondents in these cases, and in support of this plea.

A plea in abatement is the proper plea when objections to the qualifications of grand jurors is taken, as where the grand jury have not been selected according to the directions of the statute, and the objections can be taken in no other way. 1 Bishop's Crim. Proc., 749 ; *State* v. *Carver,* 49 Maine, 588.

The demurrer to the plea admits all the facts pleaded.

State *v.* Ward.

The facts alleged in the plea and admitted by the demurrer are sufficient to entitle the respondent to judgment as prayed for.

"The legislature shall provide by law a suitable and impartial mode of selecting juries." Constitution of Maine, Art. 1, Sec. 7.

The legislature has provided such suitable and impartial mode of selecting juries in R. S., c. 106. Sec. 1, provides that the "municipal officers, treasurer and clerk of each town, constitute a board for preparing lists of jurors to be laid before the town for their approval."

Sec. 5 requires that "each town shall provide, and constantly keep in the box a number of names ready to be drawn when required, not less than one nor more than two for every hundred persons in the town, according to the census taken next before preparing the box."

The word town includes cities, unless otherwise expressed. R. S., c. 1, § 4, XVII.

"The whole subject is within the control of the legislature." They may give such power to the courts and to towns as they deem advisable, but unless the power be given, it cannot be lawfully exercised. Neither is the statute merely directory. *State* v. *Symonds*, 36 Maine, 131.

They have not authorized any lists of jurors to be put in the jury-box, unless prepared by a designated board, once in every three years, approved by the town, and that such box shall not contain more than two names for every hundred persons in the town or city, according to the last census.

The box from which the juryman objected to was drawn, did contain, it is alleged and admitted, more than two names for every hundred persons, &c.

All the requisites of the statute must be carefully followed in order to constitute a legal grand jury.

"The proceedings of the department of the government, of counties and towns, and officers of counties and towns, are all brought into requisition in order to constitute the court." *State* v. *Carver*, 49 Maine, 592.

Indictments found by grand juries to whom similar objections have been made, have been frequently quashed by the court.

Indictment quashed for want of seal upon a venire; *State* v. *Lightbody*, 38 Maine, 200; because one of the witnesses before the grand jury was not sworn; *United States* v. *Cooledge*, 2 Gallison, 364; because the constable's return did not show that notice had been posted at least seven days; *State* v. *Williams*, 25 Maine, 561.

The special demurrer to the plea is defective in each of the five allegations. It is not sufficient to state that a plea is argumentative, not certain to every intent, defective in form, double and uncertain, informal and otherwise defective. It must state particularly wherein the defects consist, and must show specially in what point in particular the form is defective. 1 Chitty on Pleadings, *667; *Ryan* v. *Watson*, 2 Maine, 382.

The gist of the plea is that George O. Batchelder, one of the grand jurors who acted in finding the indictment, was not legally qualified to act as such grand juror. This is directly stated in the plea. The plea also sets forth definitely and by direct averments wherein he was not legally qualified, viz:

That he was from the city of Portland.

That the last census was taken in the year eighteen hundred and seventy.

That when he was drawn as such juror the city of Portland had no jury-box which did not contain more than two names for every hundred persons in said city according to said last census. Nothing further could have been averred without stating what the law itself would infer, which is never required in pleading.

All necessary facts must be set forth in the plea, but not inferences of law.

The foregoing facts being all that it is necessary to set forth, and being directly and positively stated, the plea is in proper form and indictment should be quashed, as the truth of these facts is admitted by the demurrer.

State *v.* Ward.

*Charles F. Libby,* county attorney, for the state, relied upon the objection to the plea sustained by the court in the opinion, and suggested other defects.

DANFORTH, J. Whether the plea in abatement in these cases is sufficient in substance, it is unnecessary now to decide, for it is clearly defective in form.

The material facts in the plea, stated in a somewhat objectionable form, are that at the time of the pretended drawing of George O. Bachelder, who acted as juryman in finding the several indictments in question, the city of Portland had no jury-box which did not contain more than two names for every hundred persons in said city according to the last census, taken in 1870. Now it is evident that these facts may all be true, and yet the jury-box be legally made up and the juryman legally drawn. The law requires that the number of names in the jury-box shall be "not less than one nor more than two for every hundred persons in the town, according to the census taken next before preparing the box." But in the plea we nowhere find any allegation that this box was prepared or the juror drawn after the census of 1870. It is, however, said that we must presume that this was so done, because the law requires it. This may be true; but in a plea of this kind every material fact must be clearly stated, and not be left to inference or presumption. The court will take knowledge of an implication of law, but not of an inference of fact. We might infer in this case that the municipal officers of Portland made up their jury-box at a period of time not more than three years from the census of 1870, and that Mr. Batchelder was drawn for the September term of the court holden in 1874. This however would not be a conclusion of law, but only an inference of fact, which might be a mistaken one. In this very case it is claimed that the municipal officers of Portland have neglected a legal duty. Admitting that it is so, what then? Is it the drawing of a juror from an improper box, or a neglect to prepare the box at the time fixed by law? We may infer from the facts stated that it is one of these, but which one is by no means made certain.

Admitting that it is certainly one or the other does not help the matter, for it is necessary to know which in order to make the proper answer.

As this is fatal to the plea, it is unnecessary to notice the other objections to it suggested by the attorney for the state.

·          *Exceptions overruled.*
*Judgment for the state.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.