# CASES

IN THE

# SUPREME COURT OF ALABAMA.

DECEMBER TERM, 1881.

## Wren *v.* The State.

*Indictment for Exhibiting Gaming Tables.*

1. *Plea of misnomer.*—A plea in abatement, on account of a misnomer of the defendant, must not only set out his true name, but must negative the fact that he was known or called by the name stated in the indictment.

2. *Waiver of trial by jury; revision of judgment on facts.*—When a criminal prosecution for a misdemeanor, commenced by indictment in the Circuit Court, is regularly transferred to the County Court for trial, the failure of the defendant to demand a trial by jury is a waiver of the right to it; and the trial being had before the judge without the intervention of a jury, he has power to draw inferences of fact from the evidence, as a jury would have; and this court will not reverse his judgment on the facts, unless there is a manifest want of evidence to support it.

3. *Keeping or exhibiting gaming tables; constituents of offense.*—The statute which prohibits the keeping or exhibition of "gaming tables" (Code, § 4208), is not confined to tables on which banking games are played, such as *faro, roulette,* &c., but includes also tables for games of cards, such as *draw poker;* a person who has the custody or possession of the table, and authority over the use of it, and supervises the gaming on it, is the *keeper* of it; and whoever has an interest in the gain or profit derived, or expected to be derived from its use for gaming purposes, is *interested or concerned* in the keeping of it, as those words are used in the statute.

FROM the County Court of Wilcox.

Tried before the Hon. JOHN PURIFOY.

The indictment in this case, which was found by a grand jury regularly organized in the Circuit Court of said county, charged that the defendant, " J. R. Wren, whose name, other than is expressed in this indictment, is unknown to the grand jury, kept or exhibited a gaming table, or was interested or

[Wren v. The State.]

concerned in the keeping or exhibition thereof, against the peace," &c. The case having been transferred to the County Court for trial, the defendant there pleaded in abatement, "that his name is not J. R. Wren, but his true and correct name is James S. Wren, by which name he is called and known; and he prays judgment," &c. A demurrer to this plea was interposed, on these grounds: "1st, because said alleged misnomer is immaterial; 2d, because it makes no difference whether the letter in the middle of the defendant's name is inserted or omitted; 3d, because the indictment alleges that the defendant's name, other than is therein expressed, is unknown to the grand jury; 4th, because the plea does not truly set out the manner in which the defendant's name is stated in the indictment." The court sustained the demurrer, and the defendant then pleaded not guilty; on which issue was joined, and a trial had before the court without a jury. On all the evidence adduced, which it is unnecessary to set out, the court found the defendant guilty as charged, and imposed a fine of $500 on him; to which judgment he duly excepted, as also to the judgment on the demurrer; and he now urges these matters as error.

R. GAILLARD, and J. Y. KILPATRICK, for the appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—Pleas in abatement, in civil or in criminal causes, are not favored. Matters of form, in them, are regarded as matters of substance. They are construed most strongly against the pleader, and cannot be sustained, unless they negative the existence of every fact, and repel every inference, however slight, crossing the matter relied on in the plea.—*Powers v. State*, 4 Ala. 531; *State v. Brooks*, 9 Ala. 9; *Roberts v. Heim*, 27 Ala. 678. If the matter of the plea is the misnomer of the defendant in an indictment, the plea must not only aver the true name of the defendant, but must negative the fact that he is or was known and called by the name employed in the indictment. These are essential averments, as is shown by all approved precedents of the plea. The want, in the present plea, of a negation of the fact that the defendant was known and called by the name by which he was indicted, is fatal to its sufficiency. The negation can not be implied from the affirmation that he was known and called by the name averred to be his *true and correct name*.

The indictment, founded on section 4208 of the Code, was by the grand jury returned into the Circuit Court, and by that court, in obedience to the statute approved February 23, 1881, entitled

[Wren v. The State.]

"An act to confer additional jurisdiction upon the County Court of Wilcox county, and to regulate proceedings therein" (Pamph. Acts, 1880–81, p. 295), transmitted for trial to the County Court. The trial was had before the judge of the County Court, without the intervention of a jury, the defendant not demanding, and, by the failure to demand, waiving a jury trial.

It can scarcely be controverted, that there was before the court legal evidence, having a tendency to establish the fact, that the defendant had been engaged in keeping and exhibiting a table for gaming, or was interested or concerned in the keeping or exhibiting of such table. There were tables for gaming during the fair in Camden in the fall of 1880, and these tables were in a room in a hotel known as *Camden Hall*. The room was engaged by the defendant, from the proprietor of the hotel, the defendant saying, he "*would want some tables*." It was occupied by the defendant, Thomas, and others. In the room, three tables were used in playing a game at cards, known as *draw poker*. Checks were used, as the representative of money, in playing the game, and these were sold to the players by Thomas, or by the defendant. From the *pool*, or *pot*, which was the checks or money staked by the players, for certain hands, a toll, or *pinch*, was taken, sometimes by Thomas, and sometimes by the defendant. What are the deductions, or inferences, from these facts, it was for the court to determine; as it would have been for the jury, if the trial had been by jury. This court will not reverse the judgment, unless it is manifest that there is a want of evidence to support it.—*Cawthorn v. State*, 63 Ala. 157; *Summers v. State*, in manuscript.

It is insisted that the statute does not extend to a table kept or exhibited for the playing at cards, of such games as it appears were played on these tables, but that it embraces only *banking names*, such as *furo, roulette,* &c. The words of the statute are clear and unambiguous, extending to all gaming, *of whatever name, kind, or description, not regularly licensed under the laws of this State;* and is the successor of a former statute directed against the particular games and tables referred to (Clay's Dig. 433, § 12), which was found insufficient to meet and suppress the evil practice of gaming, and to avoid the artifices resorted to for its evasion. It is the *use* for which a table is kept or exhibited, that brings its keeping or exhibition within the condemnation of the statute. If the *use* is gaming, in any of its forms, or by any of its names, or with any of its appliances, and it is not licensed, whosoever *keeps or exhibits*, or is interested or concerned in the *keeping or exhibition*, violates the statute.—*Toney v. State*, 61 Ala. 1.

It may be true that one who merely renders occasional or

casual assistance to another who keeps or exhibits a table for gaming, does not come within the statute.　But there was evidence tending to show that the defendant had authority over the use of the tables, having custody or possession of them, and gave supervision to the gaming.　The sufficiency of the evidence. was for the determination of the County Court, and if the court was satisfied that he had authority over the use of the tables, had possession or custody of them, and supervised the gaming, then he kept a table for gaming; or, if he had an interest in whatever of gain was derived or expected to be derived from the use of the tables for gaming, he was interested or concerned in keeping or exhibiting a table for gaming.

The judgment of the County Court is affirmed.