## STATE v. JOHN S. DUGGAN.

Pleas in abatement must be certain "to a certain intent in every particular," leaving nothing to be supplied by intendment or construction, and no supposable special answer unobviated.

Hence, when one pleaded in abatement to an indictment that "one of the grand jurors who participated in the deliberations of the grand jury which has found said indictment, and who was drawn by the town council of the town of N. to serve on said grand jury, to wit, B., was not, at the time he was drawn as aforesaid, qualified to vote upon any proposition to impose a tax or for the expenditure of money in said N.," —

*Held*, on demurrer to the plea, notwithstanding *State* v. *Davis*, 12 R. I. 492, that the plea was bad, as not alleging wherein B. was not qualified, and as involving simply a question of law.

*State* v. *Davis* explained.

Hence, too, when one pleaded in abatement to an indictment that "one of the grand jurors who participated in the deliberations of the grand jury which has found said indictment, to wit, H., was not drawn to serve upon said grand jury by the town council of any of the towns within and for said county of Newport, nor by the city council of the city of Newport, in said county, nor was the said H. summoned to serve on said grand jury by writ of *venire* coming out of this honorable court, nor was the said H. upon said jury by virtue of any legal process whatsoever, but improperly intruded himself upon said jury and its deliberations," —

*Held*, on demurrer to the plea, that the plea was bad, as jurors in the city of Newport are to be drawn by the board of aldermen, not by the city council.

Permission to amend these pleas refused, as pleas to the constitution of a grand jury, being usually for delay, are not favored, and the defendant could defend under the indictment found as well as under another charging the same offence.

INDICTMENT for maintaining a common nuisance. On demurrer to pleas in abatement.

*Providence, October* 23, 1866. DURFEE, C. J. The defendant pleads three pleas in abatement to the indictment. The *first* plea is, " because one of the grand jurors who participated in the delib-

erations of the grand jury which has found said indictment, and who was drawn by the town council of the town of New Shoreham to serve on said grand jury, to wit, Benjamin S. Babcock, was not, at the time he was drawn as aforesaid, qualified to vote upon any proposition to impose a tax or for the expenditure of money in said New Shoreham." The *second* plea, pleaded by express leave, is to the same effect, except that it applies to Isaac A. Hart, drawn as grand juror by the town council of the town of Tiverton. The *third* plea, pleaded by express leave, is that " one of the grand jurors who participated in the deliberations of the grand jury which has found said indictment, to wit, Benjamin Hall, Jun., was not drawn to serve upon said grand jury by the town council of any of the towns within and for said county of Newport, nor by the city council of the city of Newport, in said county, nor was the said Hall summoned to serve on said grand jury by writ of *venire* coming out of this honorable court, nor was the said Hall upon said jury by virtue of any legal process whatsoever, but improperly intruded himself upon said jury and its deliberations." The State demurs to the pleas.

The ground of demurrer to the first two pleas is that they are too general, in that they do not allege in what regard the persons named are not qualified, and because they may involve simply a question of law. We think the objection is valid for both reasons. " Every special plea," says Gould, " in which matter of fact and matter of law are so blended that they cannot be separated, is ill." Gould on Pleading, cap. vi. § 97. If the defendant had pleaded that the persons named were not duly qualified to serve as grand jurors, without more, there could be no doubt that the pleas would be bad, because they would blend matter of fact and matter of law indistinguishably together. If such pleas were traversed, it might happen on trial that the defendant could prove nothing in support of them which the State would not be ready to admit, the only question being a question of law; *i. e.* whether the persons named were not qualified in spite of what was proved. Are the pleas which have actually been pleaded any better? Our statutes Pub. Stat. R. I. cap. 200, § 1, provides that, subject to certain exemptions, " all persons who are qualified to vote upon any proposition to impose a tax or for the expenditure of money in any

town shall be liable to serve as jurors." In *State* v. *Davis*, 12 R. I. 492, this court decided that no person is qualified to serve as a juror unless he is qualified to vote as aforesaid. Qualification for the one purpose is qualification for the other, and lack of it for the one purpose is lack of it for the other; and therefore to plead that a person who has acted as a grand juror was not qualified to vote on any proposition to impose a tax or for the expenditure of money in his town, is only to plead, in another form of words, that he was not qualified to serve as a juror. The right to vote on a proposition to impose a tax or for the expenditure of money is determined by the Constitution, and depends, not on any single fact, but on a number of facts concurring together. If any one of these facts is lacking, the right to vote will not exist. The defendant, therefore, can support his plea by proving that some one of said facts is lacking, and the prosecution can never learn from the plea which one he is going to try to prove is lacking, though it is one of the chief purposes of special pleading to elicit such information. Or it may be that the defendant has not correctly construed the Constitution, and is going to prove the lack of some fact which is unnecessary, or the necessity of which is disputed, when, if the lack were specifically alleged, the prosecution, instead of traversing the plea, would demur to it. That such legal questions may arise, see *State* v. *Maloney*, 12 R. I. 251. See, also, *In re the Providence Voters*, 13 R. I. 737. We know of no reason which would avail for holding the first and second pleas bad if they simply alleged that the persons named in them were not qualified to serve as grand jurors, which is not equally valid for holding them to be bad as framed.

In *Hardin* v. *The State*, 22 Ind. 347, the accused pleaded in abatement that the grand jurors were not "reputable freeholders or householders of the county of Clark, and taxable therein." The court held the plea bad, *first*, because whether they were reputable was only a question for the persons selecting them; and, *second*, because, disregarding that, the plea was too uncertain as to the particular disqualification intended to be relied upon. In *Priest* v. *The State*, 10 Neb. 393, the plea was that "the grand jury that found said indictment was not legally chosen and empanelled." *Held* bad on demurrer. The court say, "The plea

should have pointed out wherein the grand jury were not legally chosen and empanelled." To the same effect, *Baldwin* v. *The State*, 12 Neb. 61; *Brennan et al.* v. *The People*, 15 Ill. 511; *State* v. *Brooks*, 9 Ala. 10; *State* v. *Newer*, 7 Blackf. 327. In *Dyer* v. *The State*, 11 Lea, Tenn. 509, the court say: "The plea does aver broadly that the grand jurors were not legally elected, empanelled, and sworn, which is only the averment of a conclusion, not of facts from which the court may draw its own conclusion." We do not see that the pleas in these cases were any more objectionable than the pleas here interposed. It is true that pleas like the defendant's first and second pleas have been sustained by this court in previous cases; but in those cases the question as to their sufficiency in this respect was not raised. The closing remark of the court in *State* v. *Davis*, 12 R. I. 492, 495, related to another point, as will be seen by reference to the case there cited.

The ground of demurrer to the *third* plea is that it does not negative the possibility that Benjamin Hall, Jun., was legally drawn as grand juror, since it is the duty, not of the city council of the city of Newport, but of the board of aldermen of said city, to draw the grand and petit jurors required of it. We think that the duty belongs to the board of aldermen, and consequently that the demurrer is good. The certainty required of pleas in abatement is extreme. In the language of the old books, they must be certain "to a certain intent in every particular." They must leave, "on the one hand, nothing to be supplied by intendment or construction; and, on the other, no supposable special answer unobviated." Gould on Pleading, cap. 111, § 57; *State* v. *Bryant*, 10 Yerg. Tenn. 527; *State* v. *Ward*, 64 Me. 545; *United States* v. *Williams*, 1 Dillon, 485; *O'Connell* v. *The Queen*, 11 Cl. & F. 155; *Commonwealth* v. *Thompson*, 4 Leigh, *667; *Ward* v. *The State*, 48 Ind. 289. The third plea does not satisfy this requirement.

The defendant moves for leave to amend the pleas if they are found faulty. Assuming that we have power to allow the amendment, we are not satisfied that we ought to allow it. Pleas in abatement for mere defects in the constitution of the grand jury are generally interposed for delay, and are not favored. The de-

fendant, if innocent, can defend himself as easily under this indictment as under another for the same offence.

*Demurrer sustained and pleas overruled.*

*Edwin Metcalf*, Attorney General, for plaintiff.

*Charles Acton Ives*, for defendant.