UNITED STATES v. JANES.

(District Court, S. D. California. March 9, 1896.)

INDICTMENT—PLEAS IN ABATEMENT—MISNOMER.

A plea in abatement for misnomer, in that defendant's full name was "John Frazer Janes," whereas he is indicted as "J. F. Janes," held bad, because it failed to further allege that defendant was not known or called by the name of "J. F. Janes," or that he had theretofore been known and called by the name of "John Frazer Janes."

This was an indictment against J. F. Janes for depositing nonmailable matter in the mails, in violation of Rev. St. § 3893. Heard on demurrer to the indictment.

George J. Denis, U. S. Atty.
Calvert Wilson, for defendant.

WELLBORN, District Judge. The defendant pleads in abatement of the indictment as follows: "That there is a misnomer of defendant, in that his full Christian name is not alleged in said indictment; that defendant's true full name is 'John Frazer Janes.'" To this plea the government has demurred, and urges, among other grounds of demurrer: First, that the plea fails to allege that the defendant was not known or called by the name of "J. F. Janes"; second, it does not allege that the defendant has hitherto been called and known by the name of "John Frazer Janes."

Both objections, I think, are well taken. "The certainty required of pleas in abatement is extreme. In the language of the old books, they must be certain 'to a certain intent in every particular.' They must leave, 'on the one hand, nothing to be supplied by intendment or construction; and, on the other, no supposable special answer unobviated.'" State v. Duggan, 15 R. I. 413, 6 Atl. 597. "Such a plea should * * * expose the defendant's proper name, as well as deny that he was known by the name stated in the indictment." Whart. Cr. Pl. § 423. "Pleas in abatement, in civil or in criminal causes, are not favored. Matters of form in them are regarded as matters of substance. They are construed most strongly against the pleader, and cannot be sustained unless they negative the existence of every fact, and repel every inference, however slight, crossing the matter relied on in the plea. Powers v. State, 4 Ala. 531; State v. Brooks, 9 Ala. 9; Roberts v. Heim, 27 Ala. 678. If the matter of the plea is the misnomer of the defendant in an indictment, the plea must not only aver the true name of the defendant, but must negative the fact that he is or was known and called by the name employed in the indictment. These are essential averments, as is shown by all approved precedents of the plea. The want, in the present plea, of a negation of the fact that the defendant was known and called by the name by which he was indicted, is fatal to its sufficiency. The negation cannot be implied from the affirmation that he was known and called by the name averred to be his true and correct name." Wren v. State, 70 Ala. 1. "The plea in abatement, interposed to the indictment by the defendant, is insufficient as a plea of misnomer. It should not only aver what the defendant's name is at the time of the issue joined, but that he has always, or at least hitherto, been called and known by such name. It is common practice to state that the defendant was baptized by such name, if such be the fact, but this is not now deemed necessary. 1 Bish. Cr. Proc. (3d Ed.) §§ 792, 686; 2 Whart. Prec. Ind. 1142." Bright v. State, 76 Ala. 96. "A plea of misnomer should not only state the true name of the accused, but should further allege that he was not known and called by the name under which he was indicted." Henderson v. State (Ga.) 22 S. E. 537. See, also, O'Connell v. Reg., 11 Clark & F. 155, and Wilson v. State, 69 Ga. 225.

The ruling above indicated makes it unnecessary to pass upon the other objections to the plea urged in the government's brief. The demurrer to the plea is sustained.