# Durr *et al. v.* Jackson.

## *Action for Damages.*

1. *The falsity of the facts stated in the affidavit must be alleged.*—In an action to recover damages for the wrongful suing out of an attachment, the plaintiff must aver the falsity of the particular fact or facts which are stated in the affidavit as the ground of the attachment.

2. *Insolvency alone will not justify a resort to the remedy by attachment.* Indebtedness alone will not justify a resort to the remedy by attachment, not even when coupled with pecuniary embarrassment, or actual insolvency.

3. *Actual fraud, or an intent to hinder and delay creditors, must exist.*—It is actual fraud, an evil intent to hinder and delay creditors, not a mere refusal or failure to pay debts, which will support the accusation that a debtor is fraudulently withholding his property from the payment of his debts. To protect creditors against fraud, is the object of the law which authorizes the issue of an attachment.

4. *Evidence to controvert the debt on which a judgment is founded, is inadmissible.*—Evidence can not be introduced for the purpose of controverting the debt on which a judgment is founded. Such a judgment affirms the existence of the debt, and is conclusive between the parties whenever the fact of indebtedness is again in issue between them, directly or collaterally.

5. *Evidence may be admissible for one purpose and inadmissible for another.* Evidence is often admissible for one purpose, when inadmissible for another and distinct purpose. A party apprehending injury from its admission, can, by requesting proper instructions from the court, confine its operation to its lawful purpose.

6. *In questions of fraud, all evidence that throws light on the transaction, is admissible.*—If the question be one of fraud, whatever fact tends to show the good or bad faith of a party throughout the whole transaction, is properly admissible in evidence. But illegal testimony, whether given by a witness in open court, or in a deposition, may be objected to, and should be excluded at any stage of the proceedings.

7. *In a suit for the "vexatious suing out" of an attachment, it is not necessary to prove personal ill-will.*—In an action for the vexatious suing out of an attachment, it is not necessary to prove personal ill-will, or revenge. A party may, without probable cause, resort to an attachment; and absence of probable cause, coupled with the unlawful act of suing out the writ, is the vexatious, malicious abuse of the process against which the statute intends to guard, and for which the jury are authorized to give vindictive damages.

8. *A charge correct in law, but which tends to mislead the jury, will not cause a reversal.*—A reversal can not be had because of an instruction correct in point of law, merely on account of its tendency to mislead. The evil is capable of correction by an explanatory charge, which should be requested.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN A. MINNIS.
The facts appear in the opinion.

H. A. HERBERT, for appellants.—1. There is no doubt that a judgment necessarily affirming the existence of certain facts is conclusive between the parties. This is true even when the facts are incidentally in question in relation to a different matter.—Freeman on Judg. § 249; 25 Cal. 272; 6 Pet. 729. The record of a former recovery is conclusive. Freeman on Judg. § 257. Decisions on the merits of a cause are final.—Freeman on Judg. § 260; 12 Mo. 103; 35 Tex. 594. In a suit between the same parties, judgment offered in evidence is conclusive as to the facts or rights therein determined.—Freeman on Judg. § 280; 1 Greenl. Ev. § 531; 49 Ala. 236; 14 Ala. 581; 23 Ala. 851.

2. The issue in the case below was whether there was sufficient cause for suing out the attachment. Yet the plaintiff proceeded on the idea that he had probable cause for refusing to pay. But "neither indebtedness, pecuniary embarrassment, nor insolvency, is a ground for an obtainment of the attachment."—38 Ala. 636.

3. Under a general allegation of injury to credit, it is not permissible to prove the loss of a *particular customer*.—13 Ala. 500, 512; 42 Ala. 142; 33 Ala. 172; 32 Ala. 626. The information one of the appellants received, and upon which he acted, was admissible evidence to repel the presumption of malice.—11 Ala. 620; 9 Ala. 625; 7 Ala. 622.

CHILTON, and ARRINGTON & GRAHAM, and STONE & CLOPTON, for appellee.

BRICKELL, C. J.—The appellee, plaintiff in the court below, sued on a bond for an attachment against his estate, executed by the appellants. The ground for the attachment as stated in the affidavit, was, that the plaintiff had money, property, or effects liable to satisfy his debts, which he fraudulently withheld. The action so far as the nature and character of the evidence necessary to sustain it, is to be considered, bears a closer resemblance to an action for malicious prosecutions, than to any other action at common law. It is necessary for the plaintiff to aver in his complaint, the falsity of the particular fact, or facts, which may be stated in the affidavit as the ground of attachment.—*Tiller v. Shearer*, 20 Ala. 507. The averment of the falsity of the affidavit, though it may be negative in form, and may involve proof of a negative, casts on the plaintiff the *onus* of supporting it by evidence either direct, or of circumstances from which the jury may fairly infer the untruth of the fact or facts stated.

[Durr v. Jackson.]

in the affidavit. The right of recovery rests on the wrongful or vexatious use, (or both), of the extraordinary and harsh. remedy by attachment in this forms the gravamen of the plaintiff's complaint.—*O'Grady v. Julian*, 34 Ala. 88.

"All questions of evidence," it is said by ABBOTT, C. J., in *Doe v. Pettell* 5 B. & Ald. 224, "must be considered with. reference to the particular circumstances under which it is offered." The nature of the case, the character of the fact to be proved, the relation and situation of the parties, must be considered in determining the relevancy and consequent admissibility of evidence. "As a general rule," says GOLD-- THWAITE, J., in *Snodgrass v. Br. Bnk. at Decatur*, 25 Ala.. 174, "great latitude is allowed in the range of the evidence,. when the question of fraud is involved. It is indispensable to truth and justice that it should be so ; for it is hardly ever possible to prove fraud, except by a comprehensive and comparative view of the acts of the party to whom the fraud is imputed, and his relative position a reasonable time before,. at, and a reasonable time after, the time at which the act of fraud, is alleged to have been committed." The same latitude must be allowed a party on whom the law casts the duty, in the first instance, of repelling an imputation of fraud..

The court admitted evidence on the part of the appellee, against the objection of the appellants, the tendency of which in connection with other evidence, was to show that the appellee had consigned to Swift, Murphy & Co., who were plaintiffs in the attachment suit, seventy-three bales of cotton,. with instructions to ship the same to Liverpool, and not to suffer it sold for less than 12½d. per pound, and that they had promised compliance with these instructions. Further, if these instructions had been complied with, the cotton would have realized the appellee $12,286 46-100, instead of the sum of $11,008 93-100, for which Swift, Murphy & Co. had given, him credit on the account against him, which was the founda-- tion of the attachment suit. Further, that he had shipped Swift, Murphy & Co. two thousand and eight pounds of lint cotton, for which they had not accounted to him. Further, that he had been charged by S., M. & Co. a higher rate of interest on advances than eight per cent., at which latter rate they had promised to make the advances. In deter- mining the admissibility of this evidence, it must be taken in connection with the evidence that immediately before the issue of attachment, the appellees had interviews with the member of the firm of Swift, Murphy & Co. who made the affidavit, and these facts were stated to him, as the reasons-

[Durr v. Jackson.]

of the appellee for refusing payment of the demand they pre-
ferred against him, and were not denied by him. The
appellee in these interviews, expressing a willingness to pay
whatever was due S., M. & Co., and the member of the firm
making the affidavit, stating that he knew the appellee was
solvent, and would pay whatever he proposed paying. We
can not doubt the admissibility of the evidence. It bore
immediately on the relation of the parties, and tended to
show that the appellee was not refusing payment of a debt
he knew or believed just, but resisting a demand he regarded
as unjust; thus in some measure contradictory of the material
averment of the affidavit, that he was fraudulently withhold-
ing money, property, or effects, liable to the satisfaction of
his debts. The debt may have been just in whole, or in part,
and yet the attachment sued out wrongfully, or vexatiously.
Indebtedness alone will not justify a resort to the remedy
by attachment, not even, when coupled with pecuniary
embarrassment, or actual insolvency.—*Floyd v. Hamilton*,
33 Ala. 235; *Lockhart v. Woods*, 38 Ala. 631. The ap-
pellee was under the burthen, not so much of repelling
the fact of indebtedness, as of the imputation of the cor-
rupt intent and act imputed to him by the affidavit; the
affirmation of which, and not the fact of indebtedness alone,
authorized the issue of the writ. True, if there was no debt,
the attachment was wrongfully issued, though a cause existed
which would have authorized its issue, if there had been a
debt.—*Lockhart v. Woods, supra*. But in the attitude of
this case, the fact the appellee was compelled to controvert,
was the fraud imputed to him by the affidavit; and it is this
attitude,—*the circumstances under which the evidence is
offered*,—that must be kept in mind in considering its admis-
sibility. If the situation of the parties was changed—if the
evidence could be dissociated from the nature of the fact to
be proved—if the object of the evidence was different, it is
not difficult to conceive of cases in which it would be inad-
missible. Fraud is not by law, or in common charity, impu-
table, when the facts and circumstances out of which it is
supposed to arise may consist with purity of intention. To
justify its imputation, the facts must be such, *that they are
not explicable on any other reasonable hypothesis.*—*Steele v.
Kinkle*, 3 Ala. 358. Placing the jury, just where the parties
stood when the attachment issued, with evidence of their
relation, and of the acts and declarations of the appellee
known to the plaintiffs in attachment, was the most legiti-
mate mode of showing the truth or falsity of the affirmation

[Durr v. Jackson.]

of fraud, made in the affidavit. And it was their province to say, whether taking all the facts and circumstances together, fraud was proved or disproved. It is actual fraud, an evil intent to hinder and delay creditors, not a mere refusal or failure to pay debts, which will support the accusation that a debtor is fraudulently withholding his property from the payment of his debts. Security to, and protection of creditors against the fraud, is the object of the law, in authorizing the issue of an attachment, when it exists. The existence of the fraud, and of the evil intent, can not be deduced from the mere refusal of a debtor to pay a debt, against which he honestly believes he has a valid defence, though it should be shown he was mistaken, and that the debt was justly due. If the plaintiff in attachment was under the duty of showing affirmatively, the fact, the appellee was compelled to negative, he must have given some other evidence than that of the justness of his debt, and the refusal of the appellee to pay it. The evidence must have been directed to the fact of the ability of the appellee to make payment, and to the further fact, that with an evil intent, an intent to hinder, delay, or defraud, he withheld money, property, or effects, which by law were liable to the satisfaction of the debt. The intent is matter of inference from the acts and declarations of the appellee, at or about the time of the issue of the attachment, and of the circumstances surrounding the parties and their relations. These it would be competent for the plaintiff in attachment to show; and when the situation of the parties is changed—when the burthen of proof is on the appellee to negative the imputation of fraud, evidence so far as it is relevant—so far as it conduces to negative the imputation—of the acts and declarations of the appellee, at or about the time of the issue of the attachment, of which the plaintiffs in attachment had knowledge, and of all the circumstances surrounding the parties, and of their relations should be admitted to the jury, that they may determine whether the just inference, is, that the appellee had fraudulently withheld property from the payment of his debts.

The objection to the admissibility of the evidence, most earnestly pressed by the counsel for the appellants, is, that in effect it was a denial of the validity of the debt on which the attachment was issued, and that the judgment in the attachment suit conclusively established its validity. If the evidence had been introduced for the purpose of controverting the debt on which the judgment was founded, it would

[Durr v. Jackson.]

have been clearly inadmissible.—*Jones v. Kirksey*, 10 Ala. 839. That judgment of necessity affirmed the existence of the debt claimed of the appellee, and is conclusive on the parties, whenever the fact of indebtedness is again in issue between them, whether directly or collaterally. The statute forbids a defendant in attachment, by plea or otherwise from contesting in the attachment suit, the truth of the facts stated in the affidavit for the issue of the writ. These it is intended shall be the subject of controversy and adjudication, only in a distinct, independent suit on the bond, or in a proper case, it may be in an action on the case for the malicious use, or rather abuse of the writ. A judgment is conclusive only of matters in issue, or necessarily involved in the issue in the suit in which it was rendered.—*Chamberlain v. Gaillard*, 26 Ala. 504; *Wittick v. Fraun*, 25 Ala. 317. It has no operation on other matters not capable of litigation in the suit. The truth of the fact stated in the affidavit—the fraud imputed to the appellee was not involved in the judgment in the attachment suit. Evidence is often admissible for one purpose, when inadmissible for another and distinct purpose. A party apprehending that it may operate injuriously to him in respect to matters of which it is inadmissible, can by requesting from the court proper instructions, have it limited in operation solely to the purposes for which it is admissible. The court admitted the evidence, for the single purpose of enabling the jury to determine whether the fact of fraud charged in the affidavit was true, or untrue; and for that purpose it was in our judgment admissible. The judgment in the attachment suit was conclusive of the existence and validity of the debt on which it was founded. If the appellee had proposed controverting that fact, the judgment would have estopped him. This is the extent of the decision in *Jones v. Kirksey*, 10 Ala. 839. The proposition in that case, on which the court was passing, was, that suing out an attachment on a usurious debt was *per se* wrongful and vexatious, and all the court decide is expressed in this sentence: "We came then to the conclusion, that the judgment in the suit established the validity of the debt sued for, and it therefore becomes immaterial to inquire how far a party is responsible for suing out attachment process for a usurious demand, as, until that judgment is reversed, set aside, or its validity impaired by the decision of some other competent tribunal, it must be considered as conclusive of probable cause, so far as the matter of indebtedness enters into the question." But of the facts, that though a just debt exists,

which show, or tend to show, the attachment was wrongfully or vexatiously sued out, which the defendant is by statute prohibited from putting in issue, in the attachment suit, the judgment is without operation.—*Sharpe v. Hunter*, 16 Ala. 765.

We do not understand the record of the judgment in the attachment suit, affirms the personal presence of the appellee when it was rendered; but that his appearance was *by attorney*. The evidence therefore that he was not personally present, and the cause of his absence, was not contradictory of the recitals of the record. We are of opinion it was competent for the appellee to show not only his absence, but the cause of it. The question is of fraud, and whatever fact bears on the good or bad faith of the appellee throughout the whole transaction, was properly admissible in evidence. The jury would naturally and justly, have been inclined to draw inferences unfavorable to his sincerity in the denial of the justness of the debt preferred against him, from the fact that the creditor had obtained judgment for its full amount. When his absence, and its cause, was shown, it was for them to say, how far these inferences were lessened.

By force of the statute, whenever an attachment is *wrongfully* sued out,—that is sued out without the actual existence of any one of the grounds on which its issue is authorized, whatever may be the good faith of the party suing it out, and however honest his belief that cause existed—the defendant is entitled to recover in an action on the bond, the actual damage he may sustain.—Code of 1876, § 3317; *Kirksey v. Jones*, 7 Ala. 622; *Alexander v. Hutchinson*, 9 Ala. 825. Injury to the plaintiff's business and credit, is a legitimate ground for the recovery of actual damage.—*Donnell v. Jones*, 13 Ala. 490; *Goldsmith v. Picard*, 27 Ala. 142. The averments of the complaint authorized the introduction of evidence of a *general* loss of credit, but not evidence of special injury from *loss of credit with particular persons.*—*Donnell v. Jones*, 13 Ala. 490. Within this limit the evidence was confined by the City Court, and its rulings in this respect seem to us supported by *Donnell v. Jones*, *supra*, S. C.; 17 Ala. 679; *O'Grady v. Julian*, 34 Ala. 88.

Illegal evidence, whether it is given by a witness in open court, or contained in a deposition, may be objected to, and should on motion be excluded at any stage of the proceedings.—1 Brick. Dig. 887, § 1190. It was not competent for the witness Murphy to state his attorneys informed him of facts other than the particular facts he narrated, *to authorize*

[Durr v. Jackson.]

*an attachment.* The facts themselves should have been stated, and not merely his opinion that they were such as to authorize a resort to the writ.

There are several exceptions to charges given and refused, but of these two only, are insisted on in the argument of counsel. The first of these refers to the refusal of an instruction requested, that to support the averment that the attachment was sued out vexatiously, the *onus* was on the plaintiff to prove malice towards him, by the party suing it out. If the instruction had been given, the jury would have been misled into the supposition, that the malice necessary to support the averment, was personal ill-will to the plaintiff, or revenge, or some kindred malignity. It is not malice of this character, which is an essential element of the vexatious suing out of the writ. A party may in extreme eagerness to collect a debt or to obtain security for it, without probable cause resort to an attachment; and the absence of probable cause, coupled with the unlawful act of suing out the writ, is the vexatious or malicious abuse of the process, against which the statute intends to guard, and for which the jury are authorized to give vindictive damages. Code of 1876, § 3318. The true principle is thus stated in *Wills v. Noyes,* 12 Pick. 328: "The malice necessary to be shown in order to maintain this action, is not necessarily revenge or other base and malignant passion. Whatever is done wilfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is in legal contemplation malicious. That which is done contrary to one's own conviction of duty, or with a wilful disregard of the rights of others, whether it be to compass some unlawful end, or some lawful end by unlawful means, constitutes legal malice."—See also *Kirksey v. Jones,* 7 Ala. 622.

The facts referred to in the ninth charge, given on request of the appellee, certainly did not warrant an attorney in advising a client that an attachment could properly issue, and this is all the charge asserts. If the appellants apprehended the jury would infer from it that the advice of counsel though erroneous, if acted on honestly, would not protect them against the presumption of malice, a charge to that effect should have been requested. A reversal can not be had, because of an instruction correct in point of law, merely because of its tendency to mislead. The error is capable of correction by an explanatory charge, which must be requested.—1 Brick. Dig. 344, § 129.

[City of Opelika v. Daniel.]

The result is, the judgment of the City Court must be affirmed.

STONE, J., not sitting.