(90 South. 809)

**BRADFORD et al. v. LAWRENCE.**
(7 Div. 696.)

(Court of Appeals of Alabama.   May 10, 1921.)

**1. Appeal and error ⬩794—Motion to dismiss because of appeal by one defendant necessary.**

There must be a submission on motion to dismiss appeal because of appeal being by one only of the defendants against whom judgment was rendered.

**2. Appeal and error ⬩429—Waiver of notice of summons where appeal is by one defendant may be by attorney below for other defendant.**

Waiver of notice of summons required by Acts 1911, p. 589, where one of defendants against whom judgment was rendered alone appeals, may be by the attorney of record in the trial court for the other defendant.

**3. Trial ⬩139(1)—No peremptory charge on issue supported by some evidence.**

A requested charge that, if the evidence be believed, damages cannot be awarded plaintiff for loss of credit, being predicated on the evidence, is properly refused; there being some evidence from which it could be inferred that plaintiff's credit had suffered from defendant's act.

**4. Attachment ⬩349—Injury to credit special damages to be pleaded in action on attachment bond.**

That plaintiff's credit had suffered on account of the issuance and service of attachment is special damage which must be pleaded that there may be recovery therefor in action on attachment bond.

**5. Attachment ⬩351—Costs paid out of attached property not recoverable in addition to value of attached property in action on attachment bond.**

Plaintiff, in action on an attachment bond, may not, in addition to recovering the full value of the attached property, also recover the costs in the attachment suit; they not having been paid by him, but out of the proceeds of the sale of the attached property.

**6. Attachment ⬩351—Damages for taking other property prior to attachment not recoverable in action on attachment bond.**

Damages for taking certain property before the attachment of other property cannot be recovered in action on the attachment bond.

**7. Principal and surety ⬩145(1)—Judgment in attachment action conclusive as to amount then due in action on attachment bond.**

Judgment recovered by plaintiff in an action in which attachment was sued out is, in an action on the attachment bond, conclusive between the parties as to the amount owing at the time of such judgment.

---

* ⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Attachment ⊙⟳351—In attachment bond, action in addition to recovery of value of property no credit for proceeds of sale delivered to attachment plaintiff.**

Plaintiff, in action on an attachment bond, may not recover the full value of the attached property, and in addition have credit on the judgment obtained against him in the attachment suit for the amount of the proceeds of the sale of attached property delivered to the attachment plaintiff.

**9. Attachment ⊙⟳345—In attachment bond action, defense of judgment for plaintiff in attachment being rendered after credit for attached property not available.**

Defendant, in action on an attachment bond, may not show as a defense that his judgment in the attachment action had been reduced to the amount for which it was rendered by virtue of credit being given for the value of the attached property.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action by Hamp Lawrence against Joseph Bradford and his surety on an attachment bond. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

A motion was made in this court to dismiss the appeal because J. F. Bradford, a codefendant, has failed to perfect his appeal by signing a supersedeas bond or giving security for cost, and because appeal was taken by Joseph Bradford alone, and no summons has been issued to J. F. Bradford to appear and unite if he sees proper, and because there is joint assignment of errors, and J. F. Bradford is not a party to said appeal and because Joseph Bradford has not obtained leave of court to assign errors separately.

The action was for the breach of an attachment bond and its conditions, the bond being set out in the complaint, and it is averred that plaintiff employed counsel to defend said suit, and that he did defend said suit, and that a reasonable attorney's fee is $500, and that, in addition to the fee, he has paid or agreed to pay the sum of $125 to his counsel as expenses for attending court. Plaintiff avers that the condition of the attachment bond was breached by the defendant: First, no statutory grounds existed for the issuance of said attachment at the time it was issued; second, said attachment was wrongfully sued out; third, said attachment was maliciously sued out; fourth, said attachment was vexatiously sued out; fifth, because there was no probable cause for believing that any grounds for attachment existed at the time said attachment was sued out. Plaintiff further avers that said attachment writ was wrongfully levied on the property hereinabove set out by the sheriff; that said property was sold by the sheriff at less than its value; that said property was reasonably worth $800; and that plaintiff has paid out a large amount of costs, to wit, more than $200, because of the wrongful or vexatious suing out of the attachment, which he claims as damages in this suit. Plaintiff also avers that said damages, and no part thereof, has been paid, and that the said attachment suit has been tried in the circuit court of Randolph county, and the said writ of attachment quashed.

Charge 2 refused to the appellant is as follows:

"In this case, if the jury believe the evidence, the jury cannot award any damages in favor of the plaintiff for the loss of credit."

The following is charge 4:

"The jury is charged that the judgment offered in evidence in this case of August 19, 1919, is conclusive of the amount at that time due from Hamp Lawrence, the plaintiff here, to Joseph Bradford, the defendant here, and the jury cannot look behind that judgment to ascertain what amount of indebtedness is due from Hamp Lawrence to Joseph Bradford."

Charge 3 is as follows:

"If the jury believe the evidence in this case, they cannot allow the plaintiff any credit for the $231.46 received by Joseph Bradford after the attachment was sued out and prior to the rendition of the judgment in favor of said Joseph Bradford against Hamp Lawrence, rendered on August 19, 1919, said judgment being the one offered in evidence in this case."

N. D. Denson & Sons, of Opelika, and Lackey, Pruitt & Glass, of Ashland, for appellants.

In an action of this character, damages not especially claimed in the complaint cannot be recovered. 69 Ala. 131; 151 Ala. 333, 44 South. 46; 169 Ala. 275, 52 South. 929, 28 L. R. A. (N. S.) 1106; 42 Ala. 136; 150 Ala. 402, 43 South. 574. The judgment was conclusive as to all matters between the parties prior to that time. 164 Ala. 292, 51 South. 336; 150 Ala. 475, 43 South. 578. Vindictive damages were not recoverable. 73 Ala. 183; 3 Ala. App. 330, 57 South. 54; 79 Ala. 345; 109 Ala. 583, 19 South. 845; 122 Ala. 537, 26 South. 138.

Walter S. Smith, of Lineville, for appellee.

The appeal should be dismissed for the reasons stated in the motion. Acts 1911, p. 589; 39 Cyc. 688; 203 Ala. 115, 82 South. 130. Plaintiff was entitled to vindictive damages, as well as actual damages. 198 Ala. 430, 73 South. 822, and cases there cited. Charge 5 was properly given. 130 Ala. 552, 30 South. 401; 73 Ala. 195; 143 Ala. 411, 39 South. 136. Plaintiff was entitled to recover for loss of credit. 27 Ala. 152. The plaintiff was entitled to recover the value of the goods at the time they were taken, together with interest to the time of the trial,

cost paid, and other actual damages. 109 Ala. 575, 19 South. 845; 21 Ala. 495.

MERRITT, J. [1, 2] Appellee argues that the appeal in this case should be dismissed, but there is nothing in the record to indicate a submission on motion to dismiss. It may be stated however, that the record discloses the appearance in this court of one of the attorneys of record in the trial court for the defendant, who did not join in the appeal, and the waiver by such attorney of notice of summons as is provided for by Acts 1911, p. 589. The purpose of the act is to require notice to the defendant, who does not join in the appeal, to 'do so if he desires, and the waiver thereof by the attorney, on whom the act specifies the notice may be served, is sufficient. The supersedeas bond executed by the appellant taking the appeal is ample to protect the appellee to the extent of the full amount of any judgment that may be rendered in his favor.

Joseph Bradford, one of the appellants, instituted a suit in the circuit court of Randolph county to recover of Hamp Lawrence, the appellee, the sum of $809 alleged to be due by account and certain described promissory notes. At the time of the filing of this suit appellant, Joseph Bradford, made affidavit alleging that the appellee was his tenant; that he was indebted to appellant in an amount of money due or to become due, and that he was removing his property from the rented premises without the consent of the affiant, or otherwise disposing of a part or all of the crop without first paying all rents and advances, and that appellee had refused to pay on demand. Thereupon a writ of attachment was issued by the clerk of the court and delivered to the sheriff, commanding him to attach so much of the estate of the appellee as would be sufficient to satisfy the debt and cost according to the complaint. The attachment was levied on certain personal property of the appellee, described in the sheriff's return, consisting of mules, corn, fodder, etc. At a subsequent term of the court, the attachment was quashed, and at the trial of the suit on the account and notes judgment was rendered in favor of the appellant, Joseph Bradford, against appellee, for the sum of $464.84 and cost. After the attachment was quashed, and at a subsequent term of the court, an order was made directing payment to the appellant Joseph Bradford of the proceeds of the sale of the attached property, less $200 to be retained for the payment of probable cost. It appears that, by virtue of such order, $231.46 was paid him, he executing bond for the same. Subsequent to this the appellee brought suit on the attachment bond against appellant Joseph Bradford and his surety, J. F. Bradford, the other appellant, and recovered a judgment against them for the sum of $340.60, from which judgment the appeal in this case is taken. On this trial in the circuit court issue was joined on appellants' plea of the general issue and a plea of set-off, appellant Joseph Bradford asking that his judgment, as set out above, be set off against any claim or demand that might be found against him in favor of the plaintiff.

There are many assignments of error, but we shall consider only those insisted upon in argument and brief of counsel.

[3, 4] The trial court did not commit reversible error in refusing to give written charge 2 for the appellant. This charge was predicated on the evidence, and there was some evidence from which the jury might infer that the credit of the plaintiff had suffered on account of the suing out of the attachment. But it was reversible error to allow the plaintiff to prove, over the timely objection of the defendant, that his credit had suffered on account of the issuance and service of the attachment, such being special damages, and it being necessary to recover such special damage that there should be an allegation to this effect in the complaint. Donnell v. Jones, 13 Ala. 490, 48 Am. Dec. 59; White v. Wyley, 17 Ala. 169; Lewis v. Paull, 42 Ala. 139; Pollock & Co. v. Gantt, 69 Ala. 373, 44 Am. Rep. 519; Marx Bros. v. Leinkauff, 93 Ala. 453, 9 South. 818; Vandiver & Co. v. Waller, 143 Ala. 411, 39 South. 136.

[5] Over the timely objection of the appellants, the appellee was allowed to show a large amount of court cost incurred in the attachment suit, and that this cost had been paid. The evidence shows that these costs were paid out of the proceeds of the sale of the attached property, and not by the appellee. This being so, these were not elements of damage, such as were recoverable by the appellee in this case. The appellee was not entitled to recover the full proven value of the attached property and the costs in addition where, as shown in this case, they were not paid by him.

[6] The appellee should not have been permitted to show that in July, before the attachment suit was begun, the appellant Bradford took from him a mule. This was for property, so far as the record discloses, that did not enter into the attachment suit, and was a matter of account that no doubt entered into the amount of the judgment that was recovered by appellant Bradford against appellee at a later date. If damages are recoverable on account of such action, they were not such as could enter into a suit on an attachment bond where the attachment was subsequent to the taking of the mule, and shown to have no connection whatever with the taking of it.

[7] Written charge 4, as requested, should have been given for appellee. The judgment of August 19, 1919, was conclusive between the parties as to the amount owing at that time.

[8] It was not permissible to allow appellee credit on the judgment of appellant to the amount of $231.64, the amount of the proceeds of the sale of the property delivered to the appellant, and then allow the appellee to recover the full value of the property attached, less the amount of appellant's judgment so reduced. And for this reason written charge 3 should have been given for the appellant.

[9] There was no error in refusing to permit the appellant to show that his judgment had been reduced to the amount for which it was rendered by virtue of the appellee being given credit for the value of the attached property. The record does not disclose that the appellee replevied the property, and that he voluntarily agreed that the proceeds should be applied to a payment on his indebtedness to the appellant. The facts in this case do not bring it within the principle laid down in Painter v. Munn, 117 Ala. 322, 23 South. 83, 67 Am. St. Rep. 170. See, also, Hundley v. Chadick, 109 Ala. 575, 19 South. 845. If the plaintiff in the attachment proceedings be permitted to make this defense when sued on his bond, the restraints imposed by statute for the purpose of preventing an abuse of the process would be useless.

"If upon the theory, if no wrong is done by a sale of property in violation of law, when the proceeds of sale are applied to pay a just debt, parties were allowed to wield the process of the courts in their own favor, exacting th measure of justice which they claimed, however rightfully, is manifest oppression and abuse would soon follow, and private rights would be subverted." Harrison v. McCrary, 37 Ala. 690.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.