(94 South. 103)

### BRADFORD et al. v. LAWRENCE.
### (7 Div. 340.)

(Supreme Court of Alabama.   Oct. 12, 1922.)

1. **Malicious prosecution ☞25(1)—Ill will in suing out attachment without probable cause need not be proved.**

To maintain an action under Code 1907, § 2966, for maliciously suing out an attachment, ill will or vindictiveness need not be proved, want of probable cause coupled with the unlawful act of suing out the writ being sufficient.

2. **Malicious prosecution ☞25(2)—Advice of counsel absolute defense as against vindictive damages.**

Probable cause for suing out an attachment, when established by showing that it was honestly done on the advice of learned legal counsel based on a full and fair statement of all the facts, is an absolute defense as against vindictive damages.

3. **Malicious prosecution ☞71(4)—Advice of counsel question for jury.**

In an action for maliciously suing out an attachment, whether defendant relied and acted on advice of counsel in good faith and whether such advice was based on a full disclosure of all relevant facts after due diligence in ascertaining them are usually questions for the jury.

4. **Evidence ☞474(11)—Malicious prosecution ☞67—Debtor may testify as to effect of attachment suit on his credit.**

In an action for maliciously suing out an attachment, it is competent for plaintiff to testify as to the effect of the suit on his credit and the state of his credit thereafter.

5. **Judgment ☞253(4)—Defendant setting off only face amount of judgment against plaintiff not entitled to allowance with costs.**

In an action for maliciously suing out an attachment, where defendant only pleaded as set-off the face amount of his judgment, he was not entitled to allowance of such amount together with costs.

6. **Appeal and error ☞1050(2)—Admission of irrelevant testimony as to plaintiff's financial integrity in action for maliciously suing out attachment held not prejudicial to defendant.**

In an action for maliciously suing out an attachment, admission of testimony, on cross-examination of witnesses who impeached plaintiff's veracity, that plaintiff borrowed money on good security from a bank in which one of the witnesses was a stockholder and he had paid another witness what he owed him, *held* not reversible error, though irrelevant, as the verdict could not possibly have been influenced thereby.

7. **Pleading ☞384—Evidence of debt exceeding defendant's judgment against plaintiff inadmissible under plea of set-off, the judgment being conclusive.**

In an action for maliciously suing out an attachment, where defendant offered to set off the amount of his judgment against plaintiff, evidence of a debt exceeding such amount was irrelevant and inadmissible, the judgment being conclusive as to the amount of plaintiff's indebtedness.

8. **Malicious prosecution ☞59(1)—Evidence held admissible as tending to disprove existence of grounds for attachments.**

In an action for maliciously suing out an attachment against cotton seed furnished plaintiff by defendant, plaintiff's testimony that he did not sell any of the seed *held* admissible as tending to disprove the existence of one of the grounds on which the attachment was issued and defendant's diligence in ascertaining the truth of the information on which he acted.

9. **Malicious prosecution ☞62—Minute entries and record of sheriff's sale in attachment suit held admissible.**

In an action for maliciously suing out an attachment, the minute entries and the record of the sheriff's sale in the attachment suit were admissible, the former to show the extent of the services of attachment defendant's attorney, and the latter to show the goods seized and what became of them.

----

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Malicious prosecution ⊚⟹60(3)—Evidence of direction to officer executing writ of attachment held admissible on issue of malice.**

In an action for maliciously suing out an attachment, plaintiff's testimony that, in reply to his request that defendant leave him out a little corn and potatoes, defendant told the sheriff to leave out nothing, was admissible on the issue of malice, as tending to show inferentially a hostile and vengeful spirit.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action by Hamp Lawrence against Joseph Bradford and another. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The action is on an attachment bond which, as alleged, was wrongfully and vexatiously sued out by the defendant Joseph Bradford against the plaintiff, Lawrence, who was his tenant. For a former appeal, see, 18 Ala. App. 138, 90 South. 809, wherein the case is fully stated.

The pleas are the general issue and set-off.

The attachment suit was tried by the court without a jury, and resulted in the quashal of the attachment writ, as improperly issued, but the count rendered a general judgment for the plaintiff for $464.48, and costs. The plea offers to set off the amount of the judgment, $464.48, but says nothing as to the costs.

Defendant requested separate instructions to the effect that, if the jury believed the evidence, they could not award vindictive damages for injury to plaintiff's credit. He also requested instructions that "the judgment offered in evidence in favor of Joseph Bradford against Hamp Lawrence for $464.-48, together with the costs in favor of the said Joseph Bradford, must be allowed as a set-off against any damages which the jury may find the plaintiff is entitled to."

Each of the above charges was duly refused by the court. Rulings on the evidence are sufficiently stated in the opinion. Plaintiff recovered a judgment for $250, from which defendant appeals.

Lackey, Pruet & Glass, of Ashland, for appellants.

If an attaching creditor has probable cause for believing he has grounds for suing out an attachment, he is not liable for punitive or vindictive damages. 3 Ala. App. 330, 57 South. 54; 79 Ala. 345; 73 Ala. 183; 109 Ala. 583, 19 South. 845. The affirmative charge should not be refused merely because some evidence has been introduced, unless the evidence introduced would warrant a verdict in favor of the party introducing it. 5 Mayf. Dig. 150; 6 Mayf. Dig. 106; 172 Ala.

604, 55 South. 801; 94 U. S. 278, 24 L. Ed. 59; 22 Wall. 122, 22 L. Ed. 780; 1 Wall. 369, 17 L. Ed. 642.

Walter S. Smith, of Lineville, for appellee.

Refusal of a charge, though a correct statement of law, shall not be cause for reversal, if it appears that the same rule of law was substantially and fairly given to the jury in the oral charge or charges requested by the parties. Acts 1915, p. 815; 18 Ala. App. 105, 89 South. 848; 205 Ala. 626, 88 South. 908; 124 Miss. 890, 87 South. 445; 205 Ala. 89, 87 South. 832; 17 Ala. App. 427, 85 South. 857. If the creditor had actual knowledge of the facts relied on as ground for attachment, if such facts were insufficient, and there was no ground, he would be liable for actual damage done. 73 Ala. 183. Any conduct or language of the plaintiff in attachment tending to establish the breaches averred is relevant in an action on the attachment bond. 69 Ala. 135. Value of time lost and expense incurred in attending trial may be recovered in an action on an attachment bond. 62 Ala. 267; 73 Ala. 183; 109 Ala. 575, 19 South. 845. It is not error to refuse to charge on a particular contention or theory of a party, where such contention or theory, is not presented by the pleadings. 14 R. C. L. 784; 93 Ala. 9, 9 South. 375, 30 Am. St. Rep. 17. Relevant public records or documents are always admissible in evidence. 22 C. J. 791; Code 1907, §§ 3986, 3995; 181 Ala. 531, 61 South. 299.

SOMERVILLE, J. [1] To maintain an action under Code, § 2966, for the malicious suing out of an attachment, ill will or vindictiveness need not be proved, but only the want of probable cause coupled with the unlawful act of suing out the writ. Durr v. Jackson, 59 Ala. 203; Jackson v. Smith, 75 Ala. 97; City Nat. Bank v. Jeffries, 73 Ala. 183.

[2, 3] Defendant's contention is that he has proved the existence of probable cause for suing out the attachment, as a matter of law, by showing that it was honestly done upon the advice of learned legal counsel, based upon a full and fair statement of all the facts made by defendant to him; and that probable cause, thus established, is an absolute defense as against vindictive damages. That is, of course, a familiar rule of law. McLeod v. McLeod, 73 Ala. 42; Steed v. Knowles, 79 Ala. 446. Nevertheless, in such cases it is usually a question of fact for the jury to determine whether or not the plaintiff in attachment relied and acted upon such advice in good faith (Sandlin v. Anders, 187 Ala. 473, 65 South. 376; Baldwin v. Walker, 94 Ala. 514, 521, 10 South. 391); and also whether the advice was based

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

upon a full disclosure of all the relevant facts, with due diligence in their ascertainment (Baldwin v. Walker, supra; Steed v. Knowles, 79 Ala. 446). There may be exceptional cases where those questions do not arise, as in Bell v. Seales P. & O. Co., 201 Ala. 428, 78 South. 806, but the evidence does not exclude this case from the general rule.

We think that, on the whole evidence, the question of probable cause, as based upon the advice of counsel, was for the jury to determine, and that the general affirmative charge for defendant as to vindictive damages was properly refused. However, having regard to the size of the verdict and the large amount of actual damage shown in excess of defendant's set-off judgment, we are satisfied that the jury's verdict did not include vindictive damages in the sum awarded.

[4] It was competent for plaintiff to testify as to the effect of the attachment suit on his credit, and the state of his credit thereafter. O'Grady v. Julian, 34 Ala. 88. As for damages for loss of credit, the evidence was sufficient, as held on the former appeal, to take that question to the jury. Bradford v. Lawrence, 18 Ala. App. 138, 90 South. 809.

[5] Defendant's right to a set-off against plaintiff's claim was restricted by the scope of his plea. His offer was to set off his judgment for $464.48, the face of the judgment alone, and not the amount of the judgment together with the costs incidental thereto. He was therefore not entitled to the instruction requested as to the set-off of the judgment and costs.

[6] Conceding that several of the questions allowed on the cross-examination of defendant's witnesses, who impeached plaintiff's character for veracity, called for irrelevant matter, as, for example, that plaintiff borrowed money on good security from a bank in which the witness was a stockholder, and that he had paid another witness what he owed him—the answers and the facts were of no importance, and could not possibly have influenced the verdict.

[7] As to the amount of plaintiff's indebtedness to defendant, the judgment recovered by defendant against plaintiff in the original attachment suit was conclusive. No evidence, other than the record, was needed to support that judgment, and evidence of a debt exceeding the amount of the judgment was irrelevant and inadmissible under the pleadings.

[8] It was competent for plaintiff to testify that he did not sell any of the cotton seed furnished him by defendant, or by one Mitchell at his request, its tendency being to disprove the existence of one of the grounds upon which the attachment was issued. It was relevant also upon the question of defendant's diligence in ascertaining the truth of the information which he claimed to have had to that effect.

[9] The minute entries and the record of the sheriff's sale, in the attachment suit, were clearly admissible, the one to show the extent of the services of the attachment defendant's attorney, and the other to show the goods seized, and what became of them.

[10] On the issue of malice, apparently, plaintiff was allowed to state that, at the time of the levy, he requested defendant to leave him out a little corn and potatoes, to which he replied by telling the sheriff: "No: don't leave out a thing; nail it all up and take it on; not a thing." We think that this response by defendant to plaintiff's request was proper for the consideration of the jury, as tending to show, inferentially, a hostile and vengeful spirit in resorting to and using the writ of attachment. Dothard v. Sheid, 69 Ala. 135, 139.

We find no prejudicial error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.