(108 So. 235)

IRWIN et al. v. COTNEY.  (7 Div. 635.)

(Supreme Court of Alabama.  April 15, 1926.)

1. Attachment ⬤357—Writ is wrongfully sued out, if no statutory grounds exist, or there is no debt for which issued.

Attachment is wrongfully sued out, if no statutory grounds exist, or there is no debt due or to become due, for which it is issued.

2. Attachment ⬤349—Count averring that writ was wrongfully sued out, in that no statutory ground existed, stated cause of action against principal and sureties for breach of attachment bond.

In action for damages for breach of attachment bond, count averring that attachment was wrongfully sued out, in that no statutory ground existed, stated cause of action against principal and sureties on bond.

3. Attachment ⬤349—Count averring that rent was not due when attachment was sued out and was paid before due date; that there was no legal ground for attachment; and that attachment plaintiff had no probable cause for so believing, stated cause of action against principal and sureties for breach of attachment bond.

In action for breach of attachment bond, count averring that rent which plaintiff owed principal on bond was not due when attachment was sued out and was paid before it became due; that there was no legal ground for attachment; and that attachment plaintiff had no probable cause for so believing, stated cause of action against principal and sureties on bond.

4. Attachment ⬤349—Counts not stating facts constituting alleged wrong or vexation in suing out attachment, and averring that no statutory ground existed, or that no debt was due or to become due, held fatally defective.

In action for breach of attachment bond, counts averring that attachment was wrongfully and vexatiously sued out, without stating facts constituting wrong or vexation, and averring that no statutory ground existed, or that no debt was due, or to become due, for which writ was issued, held fatally defective.

5. Appeal and error ⬤1042(4)—Pleading ⬤364(2)—Claim for unrecoverable damages may be stricken from count on motion, but refusal to do so is not reversible error.

Damages claimed which are not recoverable may be stricken from count on motion, but refusal to do so is not reversible error, as defendant can protect himself by objections to evidence, or by special charges.

6. Attachment ⬤351—Reasonable and necessary cost of making replevy bond, reasonable attorney's fee in defending attachment, and injury to defendants' credit, may warrant recovery of special damages in suit on attachment bond for wrongful and vexatious suing out of writ.

Reasonable and necessary cost of making replevy bond for property attached, reasonable and necessary attorney's fee in defending suit, and injury to defendants' credit, may warrant recovery of special damages, in suit on attachment bond for wrongful and vexatious suing out of attachment, where specially claimed in complaint, not being too remote.

7. Appeal and error ⬤882(5)—Appellants cannot complain of order striking out claim against them at their request.

Defendants, requesting that plaintiff's claim, in suit on attachment bond for loss of credit by wrongful and vexatious suing out of attachment, be stricken, cannot complain of such action.

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Attachment** 351—Humiliation, embarrassment, and trouble in making replevy bond are too remote, accidental, and variable damages for wrongful attachment to be recovered, in suit on attachment bond.

Humiliation, embarrassment, and trouble in making replevy bond for property attached are too remote, accidental, and variable to be recovered as damages, in suit on attachment bond for wrongful suing out of attachment.

**9. Appeal and error** 1040(7).

Error in sustaining demurrers to pleas alleging defensive matters provable under general issue is without injury to defendants.

**10. Pleading** 204(2).

Sustaining demurrers to plea in bar of each count of complaint is not error, if it is good only in defense of part of counts.

**11. Pleading** 180(1)—Demurrers to replication, neither traversing nor confessing and avoiding averments of plea, and amounting to real departure from case made by complaint, were erroneously overruled.

Demurrers to replication, neither traversing nor confessing and avoiding averments of plea to which addressed, and amounting to real departure from case made by complaint, were erroneously overruled.

**12. Appeal and error** 843(1)—Errors in matters not likely to arise on retrial, or which will be presented differently thereon, need not be considered.

Errors in matters, which will probably not be involved on another trial, and, if so, will be presented differently, need not be considered, where judgment is reversed, and cause remanded on another ground.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action by John Cotney against J. M. Irwin and others. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Walter S. Smith, of Lineville, for appellants.

Plaintiff must aver a breach of attachment bond in plain and unambiguous terms, and must negative proof of sworn grounds on which the attachment was issued. Schuessler v. Still, 53 So. 831, 169 Ala. 239; Dothard v. Sheid, 69 Ala. 138; City Nat. Bank v. Jeffries, 73 Ala. 183; Kirksey v. Jones, 7 Ala. 629. If party had probable cause for believing he had grounds for suing out attachment, and acted upon advice of counsel, he is not liable for exemplary, punitive, or vindictive damages. G. S. Co. v. Parker, 57 So. 54, 3 Ala. App. 330; Bradford v. Lawrence, 94 So. 103, 208 Ala. 248; White v. Wyley, 17 Ala. 167. Plaintiff's replication failed to confess and avoid or traverse plea 8, and amounted to a departure, and was

hence subject to demurrer. Bridges v. T. C. I. & R. Co., 19 So. 495, 109 Ala. 287. Humiliation, embarrassment, etc., are too remote as elements of damage. Jackson v. Smith, 75 Ala. 97.

Pruet & Glass, of Ashland, for appellee.

Attorney's fees were recoverable as damages. Street v. Browning, 87 So. 527, 205 Ala. 110; Flournoy v. Lyon, 70 Ala. 308. Averment that no debt was due is a denial of existence of all statutory grounds for attachment. Painter v. Munn, 23 So. 83, 117 Ala. 322, 67 Am. St. Rep. 170; Brown v. Master, 16 So. 443, 104 Ala. 451; 6 C. J. 517. If any of the damages alleged are recoverable, demurrer to the entire count is properly overruled. McLane v. McTighe, 8 So. 70, 89 Ala. 411. Where an attachment is sued out maliciously, exemplary or vindictive damages are recoverable. Dothard v. Sheid, 69 Ala. 135; Floyd v. Hamilton, 33 Ala. 235. To acquit himself by reliance upon advice of counsel, defendant must have given the attorney a fair and complete statement of the case. Bradford v. Lawrence, 94 So. 103, 208 Ala. 248. The complaint sufficiently negatived existence of statutory grounds. Crofford v. Vassar, 10 So. 350, 95 Ala. 550.

MILLER, J. This is an action for damages brought by John Cotney against J. M. Irwin, the principal, and S. H. Wood and W. D. Mattox, the sureties, for breach of an attachment bond executed by them to him. There was a judgment based on a verdict of the jury in favor of the plaintiff, and from it this appeal is prosecuted by the defendants. The bond appears in each count either as an exhibit or by being copied therein.

Count 1 alleges the bond was breached in this, that the bond was given to secure a writ of attachment in the suit by J. M. Irwin against John Cotney; that the writ was levied on 50 bushels of corn, 700 pounds of velvet beans, and one bale of lint cotton; that the attachment suit has terminated; that Irwin, plaintiff therein, failed in said suit and that there was a judgment in favor of this plaintiff, and against the defendant in this cause; that "on account of said attachment being sued out his property was seized by the sheriff"; that said attachment was wrongfully, vexatiously, and maliciously sued out; and that there were existing at the time of the suing out of said attachment suit no statutory grounds for the issuance of same.

[1, 2] This attachment suit was by a landlord (Irwin) against a tenant (Cotney). This count avers:

Irwin "failed in said suit, and that there was a judgment in favor of this plaintiff and against the defendant in this cause."

---

And it also conjunctively avers:

"That there were existing at the time of the suing out of said attachment suit no statutory grounds for the issuance of same."

This attachment is wrongfully sued out if none of the statutory grounds for its issuance existed, or if there was no debt due or to become due for which it was issued. Lockhart v. Woods, 38 Ala. 631; City National Bank v. Jeffries, 73 Ala. 190. This count clearly states the breach of the bond. It avers the attachment was wrongfully sued out and it specifies the wrong, which was that no statutory ground for the issuance of the attachment existed. This count states a cause of action against the defendants, and is not subject to the grounds of demurrer assigned to it. In City National Bank v. Jeffries, 73 Ala. 190, this court wrote:

"To justify an attachment, there must be a debt, due or to become due, and one of the enumerated statutory grounds for attachment must exist. Lockhart v. Woods, 38 Ala. 631; Durr v. Jackson, supra [59 Ala. 210]. If either of these be wanting in fact, no matter how sincerely the attaching creditor may believe it to exist, then the attachment is wrongful, but, without more, it is only wrongful. In such case the measure of recovery in a suit on the bond is the actual injury sustained."

See, also, McCullough v. Walton, 11 Ala. 492; Crofford v. Vassar, 10 So. 350, 95 Ala. 548.

[3] Count 2 is the same as count 1, except it avers that Cotney owed Irwin rent which was not due when the attachment was sued out, and that the rent was paid before it became due. It also avers:

"That there was no legal grounds upon which to base such attachment, and that the plaintiff in said attachment suit had no probable cause for believing that there was such grounds existing."

This is equivalent to averring that no no ground for the issuance of the attachment existed, and that the attachment was sued out without probable cause for believing the alleged ground to be true. This count states a cause of action against the defendants. It results that the court did not err in overruling the demurrer to count 2. McLane v. McTighe, 8 So. 70, 89 Ala. 411, and authorities, supra.

[4] Counts (a), (b), and (c) are fatally defective in this, and probably in other respects. Each avers that the attachment was wrongfully and vexatiously or wrongfully or vexatiously sued out, but neither states any facts constituting the wrong or the vexation. Each count fails to specify the wrong or the vexation. Each fails to aver that no statutory ground existed for the issuance of the writ of attachment or that there was no debt due or to become due for which the attachment was sued out. The trial court erred in overruling the demurrers to counts (a), (b), and (c). They should have been sustained to each count. City National Bank v. Jeffries, 73 Ala. 183. In Durr v. Jackson, 59 Ala. 203, this was written by the court, which was approved in City National Bank v. Jeffries, 73 Ala. 191:

"It is necessary for the plaintiff to aver in his complaint the falsity of the particular fact, or facts, which may be stated in the affidavit as the ground of attachment."

[5] The defendants' motion to strike from the counts of the complaint the special damages claimed for loss of credit was granted by the court, and defendants' motion to strike the other special damages claimed in the complaint was overruled by the court. Damages alleged and claimed in a count which are not recoverable may be stricken on motion by the court; but, if the court refuses the motion to strike such damages, it will not be reversible error, because the defendant can protect himself against them by objections to the evidence or by special charges. Vandiver v. Waller, 39 So. 136, 143 Ala. 411.

[6] The reasonable and necessary cost of making a replevy bond for the property attached, a reasonable and necessary attorney's fee incurred in defending the attachment suit, and injury to the credit of the defendant, may each and all result from the wrongful or vexatious suing out of an attachment, and each may form the basis for the recovery of special damages in a suit on the attachment bond. In Pollock v. Gantt, 69 Ala. 373, 44 Am. Rep. 519, this court wrote:

"And special damages can be recovered only when they are not too remote, and are specially counted on and claimed in the complaint."

[7, 8] The foregoing three items are specially claimed in either count 1 or count 2 of the complaint. They are not too remote and are the natural and proximate consequence of the alleged wrong; and the court erred in striking out the claim for loss of credit. But appellants cannot complain; they requested the ruling. The court correctly refused to strike the damages claimed for attorney's fee and for making the replevy bond. One of these counts claims damages for the "humiliation, embarrassment and trouble in making a replevy bond." These damages are too remote, accidental, and variable, and cannot be recovered. Jackson v. Smith, 75 Ala. 97; Vandiver v. Waller, 39 So. 136, 143 Ala. 411.

[9, 10] The court sustained demurrers to pleas 2, 3, 5, and 6. If in this it erred, it was without injury to the defendants, for all defensive matters alleged therein, if good in defense were provable under the general issue. The court did not err in sustaining demurrers to plea 4 for this and probably other reasons: It was pleaded in bar of each count, and if sufficient for any purpose it

,would be good only in defense of that part of the counts claiming exemplary damages. Bradford v. Lawrence, 94 So. 103, 208 Ala. 248.

The court overruled demurrers of plaintiff to plea 7. It is practically the same as plea 4. It is pleaded and held good by the court in bar to counts 1 and 2. It sets up that the attachment was sued out upon advice of learned legal counsel, based on a full and fair statement of facts made to him by the defendants. This ruling is not before us for review. As to its sufficiency, see Bradford v. Lawrence, 94 So. 103, 208 Ala. 248.

The court overruled demurrers of plaintiff to plea 8. This ruling it not presented for review. It avers that after the attachment was sued out Cotney, the tenant, paid the demand for which it was brought, and on the trial he pleaded and proved his plea of payment since the last continuance, and Cotney, the defendant in that suit, was taxed with the cost in the attachment suit, and judgment was rendered in favor of Irwin, the plaintiff and landlord, and against Cotney, the defendant and tenant in that suit, and on said plea said matter was adjudicated in said suit. This plea is filed in bar to the entire counts 1 and 2. The former alleges:

That the attachment suit "has been terminated and disposed of in the circuit court, and that J. M. Irwin, the plaintiff in attachment, failed in the suit and there was judgment in favor of this plaintiff, and against the defendant in this cause."

It will be remembered this count also avers, conjunctively with the foregoing allegations:

"That there were existing at the time of the suing out of said attachment suit no statutory grounds for the issuance of same."

It will be observed that this plea 8 does not even join issue on this last averment.

Count 2 alleges, among other facts:

That Cotney owed Irwin "nothing, except certain rents which were not due at the commencement of said attachment suit, and which rents were paid to defendant (Irwin) on or before the same became due, and there was no legal grounds upon which to base said attachment suit, and that plaintiff in said attachment suit had no probable cause for believing that there was such grounds existing."

It is obvious that this plea 8 traverses no part of this count, but virtually admits a part thereof.

·[11] The plaintiff filed replication to plea 8. The court overruled demurrers of defendants to it. They should have been sustained. The matters attempted to be set up therein neither traverse nor confess and avoid the averments of plea 8; and they amount to a real departure from the case made by the counts of the complaint. Bridg-

es v. Tenn. C. I. & R. R. Co., 19 So. 495, 109 Ala. 287.

[12] The judgment must be reversed on account of the errors of the court in passing on demurrers to three counts and the demurrers to the replication to plea 8. A different issue will no doubt be presented on another trial. What has been written is sufficient to guide the court and parties therein, and it is not necessary for us to discuss and decide under the present issues the other alleged errors urged in brief of appellants. They will probably not be involved on another trial; if they are, they will no doubt be presented differently.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

SAYRE, GARDNER, and BOULDIN, JJ., concur.