(137 So. 303)

### MOSS v. WINSTON.
### 8 Div. 266.

Supreme Court of Alabama.

Oct. 29, 1931.

W. L. Chenault, of Russellville, for appellant.

Key & Key, of Russellville, for appellee.

517

(137 So. 306)

**DERZIS v. COX.**

6 Div. 824.

Supreme Court of Alabama.

Oct. 29, 1931.

GARDNER, J.

Counts 1, 2, and 6, purporting to state a cause of action for the wrongful issuance of an attachment, were subject to the demurrers interposed thereto under the authority of Irwin v. Cotney, 214 Ala. 415, 108 So. 235, and the cases cited.

Counts 4 and 7 seek to recover for expense of litigation resulting from the defendant's alleged breach of a contract as to the execution of a deed. The general rule here applicable is stated in 17 Corpus Juris, 807, as follows: "Apart from the sums allowable and taxed as costs, there can, as a general rule, be no recovery as damages of the costs and expenses of litigation or expenditures for counsel fees. In cases of civil injury or breach of contract, in which there is no fraud, wilful negligence, or malice, the courts have considered that an award of the costs in the action is sufficient to cover the expenses of litigation and make no allowance for time, indirect loss and annoyance." The only damages sought in these counts are not recoverable as a consequence of the breach of the alleged contract. When the entire damages claimed are those of a special and peculiar character, which are not recoverable in such form of action, the defect may be reached by demurrer and resort to motion to strike not necessary. Davis & Son v. Ruple, 222 Ala. 52, 130 So. 772.

Aside from any other criticism, count 5 is indefinite and uncertain, and, as we construe it, appears to be subject to the objection of duplicity. Birmingham Ry., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361.

The assignments of demurrer to pleas 6, 7, and 8 were either general (section 9479, Code 1923; Ryall v. Allen, 143 Ala. 222, 38 So. 851), or refuted by express averment of the pleas. Under these circumstances, without stopping to inquire as to their sufficiency, the court will not be put in error for overruling the demurrer to said pleas. United States H. & A. Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117.

We find no reversible error. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.